PHILIP WESTAWAY *et al. vs.* CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RY. CO.

Argued Nov. 27, 1893. Reversed Dec. 28, 1893.

No. 8327.

**Signals at private crossings of railways.**

Where a railway company has recognized and acquiesced in the use of a private wagon crossing over its tracks, and adopted the usual signals therefor on the approach of its trains, it cannot lawfully discontinue the same without notice; and a negligent omission to give them, resulting in an accident, will subject the company to an action.

**Contributory negligence shown by the circumstances.**

Plaintiff's team was struck and injured on such a crossing by one of defendant's engines, and the question of the negligence of the defendant and that of the servant of plaintiff in charge of plaintiff's team was by the court submitted to the jury for its determination; but for errors of the court, particularly in refusing certain instructions asked by the defendant upon the question of contributory negligence, a new trial is granted.

Appeal by defendant, the Chicago, St. Paul, Minneapolis & Omaha Railroad Company, from an order of the Municipal Court of the City of Duluth, *Eric L. Winje,* J., made April 5, 1893, denying its motion for a new trial.

The plaintiffs, Philip Westaway, Andrew R. Porter and John D.

Porter were partners in business and owned a team of horses. On July 11, 1892, they sent their servant, Robert McLelland, with this team to get a load of sand from their sand dock on lots seven (7) and eight (8) in block seven (7) in Bay Front Division in Duluth. He drove over the viaduct on Sixth Avenue, just south of Union Depot and then west along Railroad Street and turned down off the street to cross the switch tracks on the docks. He crossed one track on which a Northern Pacific Train stood, but in crossing another of these switch tracks, No. 1, at a place where teams were accustomed to cross, one of the horses was struck by a switch engine backing out to the main tracks. The horse had a leg broken by the accident and had to be killed. This action was brought in the Municipal Court to recover its value. The plaintiffs claimed that the engine was negligently managed and was going over this private crossing at unusual speed and without ringing the bell. Defendant claimed that it was not guilty of any negligence and that McLelland negligently drove the team against, and in front of, the switch engine as it was being backed slowly over the track upon its own premises. At the trial on January 3, 1893, the defendant made a number of requests to charge the jury, among them was the thirteenth. As follows:

13. If you find from the evidence that the plaintiff's teamster, McLelland, did not exercise proper care and caution in driving in front of the Northern Pacific Company's train on track No. 2, and in driving into a place known to him to be dangerous, then that would be such contributory negligence as would prevent the plaintiffs' recovery herein. You have a right in such a case to consider whether he was driving fast or slow; whether the train men of the Northern Pacific train called to him to stop; whether he heeded the call; whether he stopped after he crossed the track No. 2 before attempting to cross track No. 1; the rate of speed at which he was going. All these things it is proper for you to consider and weigh in determining whether the plaintiffs' servant, McLelland, was negligent under the circumstances, and if you find that he was, and this substantially contributed to the happening of the injury, the plaintiff cannot recover.

This request the Judge refused to give and defendant excepted. The jury returned a verdict for plaintiffs and assessed their damages

at $200. Defendant moved the Court for a new trial and being denied appeals.

*S. L. Perrin* and *J. L. Washburn*, for appellant.

The place where this accident occurred is devoted to active railroad work and the circumstances required more than usual caution on the part of the plaintiffs. *Haas* v. *Grand Rapids & I. R. Co.*, 47 Mich. 401; *Pennsylvania R. Co.* v. *Beale*, 73 Pa. St. 504.

The Court instructed the jury that it was the duty of the defendant to ring its bell when any train or engine approached this place if they had knowledge that the plaintiffs used the same as a place of crossing. The Court should have submitted to the jury whether or not such use was made of the place as to render it the duty of the defendant to give warning and whether under all the circumstances the defendant was negligent. *Beisiegel* v. *New York C. R. Co.*, 40 N. Y. 9; *Daniels* v. *Staten Island R. T. Co.*, 125 N. Y. 407.

The judge erred in refusing to give defendant's 13th request to charge. He may have given portions of it in fragments scattered through the general charge, but this charge was a fair submission of the whole matter to the jury and should have been given.

The Judge charged that if plaintiff's teamster listened for the ringing of the bell, he was not negligent. It was the teamster's duty to recognize the danger, and make use of all his senses; if any of his usual senses could not be rendered available, the obligation to use the others was stronger. *Lake Shore & M. S. R. Co.* v. *Miller*, 25 Mich. 274; *Chicago & N. W. R. Co.* v. *Dimick*, 96 Ill. 42; *Haas* v. *Grand Rapids & I. R. Co.*, 47 Mich. 401; *Butterfield* v. *Western R. Corp.*, 10 Allen 532; *Beisiegel* v. *New York C. R. Co.*, 40 N. Y. 9; *Salter* v. *Utica & B. R. R. Co.*, 75 N. Y. 273; *Flemming* v. *Western Pac. R. Co.*, 49 Cal. 253.

*Tear, Davies & Bureau*, for respondents.

The negligence of a plaintiff is a matter of defense. It was for the defendant to prove such contributory negligence and the jury found against it on the evidence. *Wilson* v. *Northern Pac. R. Co.*, 26 Minn. 278; *Clark* v. *Chicago, M. & St. P. Ry. Co.*, 28 Minn. 69; *Beanstrom* v. *Northern Pac. R. Co.*, 46 Minn. 193.

This crossing was in close proximity to Railroad Street, being only ten feet distant therefrom. Persons lawfully using a private crossing in the vicinity of a public street are entitled to the benefit of the signals which they know it is the custom of the railroad to give. A failure to give such signals is negligence. *Cahill* v. *Cincinnati, N. O. & T. P. Ry. Co.*, 92 Ky. 345; *Sanborn* v. *Detroit, B. C. & A. R. Co.*, 91 Mich. 538; *Evansville & T. H. Ry. Co.* v. *Marohn*, 6 Ind. App. 646; *Erickson* v. *St. Paul & D. Ry. Co.*, 41 Minn. 500; *Anderson* v. *Northern Mill Co.*, 42 Minn. 424.

VANDERBURGH, J. At the time of the accident complained of there was, and had been for several years, a private crossing over the railway tracks of the defendant and adjacent tracks of other companies near a public street crossing at the place designated in the complaint. This crossing was continually used by plaintiffs' employes and teams, in the course of their business, with the permission of the defendant. On the particular occasion referred to in the pleadings, while plaintiffs' team, in charge of an employe, was crossing the tracks, one of defendant's engines was, as it is alleged, negligently backed down upon the crossing, without the bell being rung, and there struck one of the horses, and caused the injury complained of. The crossing was evidently a dangerous one, and much used. It is also clear enough from the evidence that the defendant had previously recognized this crossing, and adopted the usual signals therefor; and the bell was usually rung on the approach of engines, as at regular street crossings. It could not, therefore, discontinue such signals without notice, and a negligent omission to give them, resulting in an accident, would subject the defendant to the same liability as at other crossings. Otherwise parties who had been in the habit of crossing in reliance upon such signals would be exposed to danger without warning. *Erickson* v. *St. Paul & Duluth R. Co.*, 41 Minn. 500, (43 N. W. 332.)

The defendant's recognition of the crossing and acquiescence in its use were sufficient warrant and license for its continued use as a crossing for teams until notice of a revocation. For reasons already apparent, it was proper to ask the question whether it was the practice of the company to ring the bell for this crossing.

As respects the defendant's alleged negligence in driving the

engine with reckless speed over the crossing, we find but little foundation for this charge in the evidence. While one of the witnesses, who saw the engine in motion from his office, judged that it was running at the rate of six miles an hour, all the other witnesses who testified on the subject placed its speed at four miles an hour or under, and the uncontradicted evidence is that the engineer stopped it within the distance of half the length of the tender, or six or eight feet, after he applied the brakes to prevent the collision. It is very doubtful if that issue should have been submitted to the jury. But upon the question whether the bell was rung at this crossing, the evidence was such as to warrant the submission of the case to the jury.

And upon the question of the contributory negligence of the plaintiffs' servant we think the court erred in refusing to give in its charge to the jury the thirteenth request of the defendant, which was refused. The evidence in defendant's behalf tended to prove that plaintiffs' servant in charge of the team on the occasion referred to drove on the Northern Pacific Company's tracks just ahead of an approaching train, which he barely escaped, and "hurried up" to avoid that train, heedless of the warning given him, and immediately passed on to the defendant's track, where he was exposed to its engine; and also that his attention was so engrossed by the situation on the former track that he did not think of danger, or look out for the engine on the track of defendant. And one of the witnesses testifies that the distance was so short between the two tracks that before he could stop the team he would run onto the defendant's track. Upon this state of the evidence it was proper to submit to the jury this special request upon the subject of the plaintiff's contributory negligence in the premises, and the court erred in rejecting it. We do not think it was fairly or clearly covered in the general charge.

There is one portion of the charge also so clearly erroneous that it must have been an oversight, but, as the mistake will not be likely to be repeated at another trial, it is hardly necessary to refer to it here.

Order reversed.

(Opinion published 57 N. W. Rep. 222.)