Woods County Bank, *a Corporation,* v. H. C. Bensing.

(Filed September 5, 1907.)

(91 Pac. 842.)

**WRIT OF ERROR—Review—Failure to Present Objections in Trial Court.** This court will not reverse, vacate, or modify a judgment which is supported by competent evidence, nor consider in connection with error based upon such grounds, questions of erroneous procedure which were not presented to the consideration of the trial court in the motion for new trial.

(Syllabus by the Court.)

*Error from the District Court of Woods County; before J. L. Pancoast, Trial Judge.*

Affirmed.

*H. A. Noah,* for plaintiff in error.

*Snoddy & Son,* for defendant in error.

Opinion of the court by

GILLETTE, J.: This action was commenced in the district court of Woods county, Oklahoma, by the defendant in error filing therein his petition as plaintiff against the plaintiff in error, Woods County Bank, a corporation, in which he prayed judgment against the plaintiff in error in the sum of $675 and interest from January 1, 1902, upon an account for money deposited, in the sum of $3,747.00. To which petition the defendant answered by a general denial. The case was tried to a jury on the 14th of February, 1905, resulting in a verdict for defendant in error in the sum of $660.11, which is confessed to be a sum in excess of the plaintiff's right of recovery in the amount of one per cent. interest, the jury having computed the interest at 6 per cent. when 7 per cent. only were allowable, and the defendant in error consents to remit $15.00 of such judgment, being a sum in excess of the one per cent. interest illegally computed and allowed by the jury. Special questions of fact were by the plaintiff in error submitted

Vol. 19—17

to the consideration of the jury to be answered with their general verdict, as follows: "(1) Was $150 check (Exhibit C) signed by plaintiff? A. No. (2) Was $50 check (Exhibit B) signed by plaintiff? A. No. (3) Was check $332.28 (Exhibit N) signed by plaintiff? A. No. (4) Was plaintiff's account with defendant equally balanced December 23, 1901, with no balance due either party? A. No. (5) How much money did plaintiff pay into the bank altogether? A. $4,422.80. (6) How much money did plaintiff draw out of the bank altogether? A. $3,890.42." A motion for a new trial was filed in due time by plaintiff in error, which was afterwards considered by the court and overruled; seven grounds being stated in the motion, only one of which is argued in the brief of the plaintiff in error, to-wit, the fourth ground, which is that the verdict is not sustained by sufficient evidence.

Counsel for plaintiff in error in their brief say: "The rule is familiar that the finding of a jury will not be disturbed if there is any competent evidence to support it. In spite of this, other circumstances may be taken into account in reaching a conclusion." That there was evidence to support the verdict there can be no question. The case turned upon the validity of three checks, one for $50.00, one for $150, and one for $332.28. These checks were each drawn in favor of the bank; the name of defendant in error being signed to each of them. The defendant in error upon the witness stand denied ever having executed the same, denied ever having seen the last one until upon the trial of the case, and affirmed that the $150 check given, as claimed by the officers of the bank, for the satisfaction of a promissory note, was not so given, because in fact he had satisfied that note in cash, which he paid to the president of the bank some months· before the date of the check, and that when he paid it the president tore it up and put the fragments in the stove. The testimony of the officers of the bank was square at right angles with this testimony of the defendant in error, but the jury gave credence to his testi-

mony, and the trial court, having seen the witnesses and having heard all the testimony adduced, overruled the motion for a new trial. There is therefore nothing left for this court to determine, unless we pass upon the disputed question of fact, and in doing so usurp the functions of a trial court and jury, which would be the violation of a rule so often stated that it is not necessary here to repeat.

In presenting this matter, the plaintiff in error complains of the conduct of opposing counsel in the cross-examination of the cashier of the bank. The misconduct of counsel is not made a ground for setting aside the verdict in the motion for a new trial, but the consideration of it is asked in connection with the consideration of other grounds referred to. In the presentation of a case to this court by case-made, it is a well settled rule that grounds for a new trial will not be considered in this court which were not, on the motion for new trial, presented for the consideration of the court below. It appears from the record that questions asked by the opposing counsel, which are alleged to be erroneous and prejudicial because of the insinuation of the existence of irrelevant facts, was objected to when pronounced by counsel, which objection was by the court sustained, and the court at the time instructed the jury not to consider it. Where, as in this case, there is evidence which unquestionably supports the verdict, this court cannot conclusively determine that an erroneous question propounded to the jury, which was objected to at the time and objection sustained, was nevertheless so prejudicial as to justify the reversal of a judgment supported by competent evidence, and especially so since such alleged error was not presented to the trial court in the motion for a new trial.

The judgment of the trial court should be credited with $15.00, the rebate thereon tendered by the defendant in error, on account of the erroneous computation of interest, and when so credited the judgment of the court below will be affirmed.

Pancoast, J., who presided in the court below, not sitting; Irwin and Garber, JJ., absent; all the other Justices concurring.