CASE 63.—ACTION BY BESSIE KAY ENGLEMAN'S ADMINIS-
TRATOR AGAINST THE LOUISVILLE & NASH-
VILLE RAILROAD COMPANY FOR CAUSING HER
DEATH.—December 3, 1909.

# Louisville & Nashville R. R. Co. v. Engleman's Adm'r

Appeal from Lincoln Circuit Court.

W. C. BELL, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Reversed.

1   Railroads—Speed of Train Past Private Crossings—Signal—
    Question for Jury.—A railroad company may run its trains
    at any speed it pleases over private crossings, and it is not
    required to give notice of their approach to such crossings
    unless is has been customary for signals to be given there
    which are relied on by persons using the crossing and wheth-
    er, in a given case, the custom of giving signals for a cross-
    ing prevailed to an extent that persons using the crossing
    could rely on the signals being given, is for the jury.
2.  Railroads—Death at Crossing—Contributory Negligence—Pre-
    sumptions.—There is no presumption that a person killed at a
    private railroad crossing is guilty of contributory negligence;
    that question being for the jury.
3.  Railroads—Death at Crossing—Signals—Reliance Upon—
    Question for Jury.—In an action for death of a person killed
    at a private railroad crossing, whether the custom of giving
    signals for a crossing prevailed to an extent that persons us-
    ing the crossing could rely on the signals being given held,
    under the evidence, a question for the jury.
4.  Railroads—Death at Crossing—Instructions.—In an action for
    death of a person killed at a private railroad crossing, an in-
    struction that it was the duty of defendant's employes in
    charge of the train, when approaching the crossing, to keep
    a lookout for persons traveling over the crossing, and to give
    reasonable signals of the movement of the train, and if de-
    fendant's employes negligently failed to perform these du-

ties, and by reason thereof plaintiff's intestate was killed, etc., was erroneous; a proper instruction being that if it was customary for trains to give signals of their approach to the crossing, and this custom prevailed to an extent that persons using the crossing had reason to rely on such signals being given, and the train in question failed to give such signals, and by reason of such failure decedent was struck, the jury should find for plaintiff.

5. Trial—Instructions——Conforming to Evidence.—In an action for death of a person killed at a private railroad crossing, it was error to charge that, although the jury believed that the employes on the train gave reasonable signals of the approach of the train, yet, if the employes discovered decedent's peril in time to have avoided the collision by the use of the available means and appliances at hand, to find for plaintiff; there being no evidence to support it.

6. Railroads—Crossing Accident—Duty of Engineer in Approaching a Crossing.—The engineer of a train approaching a private road crossing in the country is not bound to look away from the track to see if he can discover the top of any vehicle above the sides of the cut through which the road runs, but, on the contrary is bound to watch the track before him.

BENJAMBIN D. WARFIELD for appellant.

J. W. ALCORN of counsel.


POINTS DISCUSSED AND AUTHORITIES CITED.

1. Defendant did not owe decedent the duty of signalling, or slacking the speed of its train, for the private crossing where the accident happened. If it did not, then, obviously, defendant was not negligent as to decedent. L. & N. R. Co. v. Survant, 96 Ky., 197; Davis, adm'r, v. C. & O. Ry. Co., 116 Ky., 154; Johnson,s Adm'r v. L. & N. R. Co., 91 Ky., 651; Given's Adm'r v. L. & N. R. Co., 17 R. on p. 790; Hobacks Adm'r v. L., H. & St. L. Ry. Co., 30 R., 476; Parkerson's Adm'x v. L. & N. R. Co., 25 R. 2260; L. & N. R. Co. v. Cummin's Adm'r, 111 Ky. 333; L. & N. R. Co. v. Bodine, 109 Ky., 509, distinguished.

2. The jury were limited to finding compensatory damages for causing the death of a school girl, 16 years of age. They returned a verdict for plaintiff for $10,000. The verdict cannot stand in the absence of any sufficient averment, or any proof whatever, that decedent had any earning capacity, or that her estate suffered any pecuniary loss by reason of her death. The criterion of recovery of compensatory damages in such a sum as will

reasonably compensate decedent's estate for the destruction of her power to earn money. In order to sustain a recovery on this ground there must be both allegation and proof that decedent had an earning capacity, and that her estate suffered a pecuniary loss by reason of her death. There was no sufficient allegation, and there was no proof whatever, that decedent had an earning capacity or that her estate suffered any pecuniary loss by reason of her death. Big Hill Coal Co. v. Abney's Adm'r, 30 R. on p. 1308; L. C. & L. R. Co. v. Case's Adm'r, 9 Bush, on p. 737; L. & N. R. Co. v. Morris' Adm'r, 14 R. on p. 468; L. & N. R. Co. v. Berry's Adm'r, 96 Ky., on p. 610; Cincinnati, etc., R. Co. v. Sampson's adm'r, 97 Ky. on p. 75; L. & N. R. Co. v. Ward's Adm'r, 19 R. on p. 1902; L. & N. R. Co. v. Eakin's Adm'r, 103 Ky., 479; L. & N. R. Co. v. Taaffe's Adm'r, 106 Ky., on p. 541; L. & N. R. Co. v. Sullivan's Adm'r, 25 R. on p. 875; L. & N. R. Co. v. Clark's Adm'r, 105 Ky. on p. 585; So. Ry| Co. v. Barr's Adm'r, 21 R. on p. 1618; L. & N. R. Co. v. Schumaker's Adm'r, 112 Ky., on p. 437; C. & O. Ry. Co., v. Lang's Adm'r, 100 Ky., on p. 230; L. & N. R. Co. v. Milet's Adm'r, 20 R. on p. 533; L. & N. R. Co. v. Simrall's Adm'r, 31 R. on p. 1273; L. & N. R. Co. v. Stock's Adm'r, 106 Ky. 42; C. N. O. & T. P. Ry. Co: v. Zachary's Adm'r, 32 R. on p. 680; 5 Encyc. Plead & Practic., p. 874; 13 Cyc., p. 343; Hurst v. Detroit City Ry., 48 N. W. 44; Charlebois v. Gogebic & M R. Co., 51 N. W., 812; Rouse v. Detroit Electric Ry., 87 N. W., 68; L. & N. R. Co. v. Orr, 91 Ala., 552; McHugh v. Schlosser, et al., 159 Pa. St., 480, 28 Atyl., 291, 23 L. R. A., 574; Houston & T. C. R. Co. v. Cowser, 57 Tex., 293; Consolidated Traction Co. v. Graham, 40 Atlantic, 773, 774.

3. It conclusively appears from the testimony that even though there was negligence on the part of defendant's employes operating the train, decedent was also negligent, and that but for her negligence the accident would not have happened. Therefore, her administratrix is not entitled to recover damages for decedent's death, to which her own negligence contributed as the proximate and efficient cause; and the trial court erred in not peremptorily instructing the jury to find for defendant. Sou. Ry. Co. in Ky. v. Barbour, 21 Ky. Law Rep., 266; L. & N. R. Co. v. Cummin's Adm'r, 111 Ky., 338, supra; C. & O. Ry. Co. v. Riddle's Adm'r, 24 Ky. Law Rep., 1687; P. & M. R. Co. v. Hoehl, 12 Bush, 44; I. C. R. Co. v. Dick, 91 Ky., 434-441; C. & O. Ry. Co. v. Gunter, 108 Ky., 362; Johnson's Adm'r, v. L. & N. R. Co., 91 Ky., 651-653; Wright v. Cincinnati, etc., R. Co., 94 Ky., 120; L. & N. R. Co. v. Survant, 19 Ky. Law Rep. 1578; Rupard v. C. & O. Ry. Co., 88 Ky., 280-5; L. & N. R. Co. v. Sights, 121 Ky., 203; L. & N. R. Co. v. Cleaver, 28 Ky. Law Rep., 497; City of Maysville v. Guilfoyle, 110 Ky., 674; L. & N. R. Co. v. Fox's Adm'r, 20 Ky.

Law Rep., 83; L. & N. R. Co. v. Mounce's Adm'r, 28 Ky. Law Rep., 936; Jacobs v. O. & B. S. R. Co., 20 Ky. Law Rep., 190; Young v. I. C. R. Co., 24 Ky Lew Rep., 789; Hummer's Extrx. v. L. & N. R. Co., 32 Ky. Law Rep., 1315, "to be reported"; Ramsey v. L. C. & L. Ry. Co., 89 Ky., 102; Ky. C. R. Co. v. Thomas, 79 Ky., on p. 163; Sou Ry. Co. in Ky. v. Clark, 32 Ky. Law Rep., 415; Sinclair's Adm'r v. I. C. R. Co., 112 S. W. on p. 911.

4. Having improperly refused to give a peremptory instruction for defendant, the trial court erred in the insufficient manner in which he submitted to the jury the issue as to decedent's contributory negligence. L. & N. R. Co. v. King's Adm'r, 115 S. W. No. 1. "To be reported"; L. & N. R. Co. v. Cummins' Adm'r, 111 Ky., 333; Sou. Ry. Co. in Ky. v. Winchester's executrix, 32 Ky. Law Rep., 19.

5. The instructions given to the jury on plaintiff's motion and over defendant's objection and exception were erroneous in material respects and were prejudicial to defendant. L. & N. R. Co. v. Joshlin, 32 Ky. Lew Rep., on pp. 516-517; L. & N. R. Co. v. Veach's Adm'r, 112 S. W., 869.

6. The misconduct of counsel for plaintiff in closing argument to the jury was prejudicial to defendant. L. & N R. Co. v. Crom, 32 Ky. Law Rep., on p. 1146; L. & N. R. Co., v. Smith, 27 Ky. Law Rep., 257; L. & N. R. Co., v. Carter, 27 Ky. Law Rep., 748; I. C. R. Co. v. Jolly, 27 Ky. Law Rep., 118.

ROBT. HARDING for appellees.

E. V. PURYEAR, M. C. SAUFLEY, GREENE, VANWINKLE & SCHOOLFIELD of counsel.

AUTHORITIES CITED.

L. & N. R. Co. v. Bodern, 109 Ky., 509; Earley's Adm'r v. L. H. & St. L. R. R. Co., 24 Ky. Law Rep., 1810; Popp, Case 96 Ky., 99; Bardswell v. N. O. & C. R. R. Co., 12 Ky. Law Rep., 180.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Bessie Kay Engleman, while driving a phaeton across the Louisville & Nashville railroad track at a private crossing known as "Woods' crossing," about 2½ miles north of Stanford, Ky., was struck by the north-bound passenger train and killed. This action was brought by her administrator to recover for her

death, and, a recovery having been had in the sum of $10,000, the railroad company appeals.

The pike ran on the opposite side of the railroad from the home of the decedent. To get out to the pike from her home, she used a private road, and was struck where this road crossed the railroad. The road was used as an outlet by persons living on the farms of Samuel Harris and Eph Woods, including their tenants and persons going to or from their places on business or pleasure. There was a gate at the edge of the railroad right of way, 62 feet from the track. The private road passed through a cut just before it reached the railroad, so that a person driving a vehicle could not see an approaching train until he was within a few feet of the track, and those in charge of the train would be equally unable to see him until about the same time, unless the top of the vehicle was high enough to be visible above the cut as it approached the track. The evidence for the plaintiff tended to show that the crossing was especially dangerous, that the railroad trains were accustomed to give signals of their approach to the crossing, and that no warning of the approach of this train was given. There was also much evidence tending to show that the trains sometimes gave signals of their approach, and sometimes did not, although the engineer of this train testified that he regarded it a dangerous crossing and always gave the usual crossing signals as he approached it. The evidence for the defendant tended to show that the decedent drove on the crossing without looking or listening when the train was very close to it, and when it was too late for those in charge of the train to avert the injury to her. It also showed that the train gave the usual crossing signals as it approached.

· On this evidence, the court; refusing to instruct the jury peremptorily to find for the defendant, gave the jury the following instructions:

"No. 1.    If you believe from the evidence that the railroad crossing. over the private passway, known and spoken of in the testimony as the 'Woods crossing,' is a dangerous crossing for persons traveling thereover in buggies in an ordinarily prudent manner, then it was the duty of the employes of defendant in control of the train that struck · the deceased, when moving the train on that part of the track approaching said crossing, to keep a lookout for persons traveling over same in a vehicle or vehicles, and to give reasonable signals and warnings of the movement of its train when approaching said crossing, and if you believe from the evidence that the defendant's employes in charge of said train negligently failed to perform any of these duties in the movement of said train, and that by reason thereof the plaintiff's intestate while crossing, or attempting to cross, said crossing, was run against and killed by said train, and that the deceased was at the time using ordinary care for her own safety, then you will find for the plaintiff in damages such a sum as you believe from the evidence will reasonably compensate the estate of the deceased for the destruction of her power to earn money, not exceeding the sum of $30,000.

"No. 2.    Although you may believe from the evidence that the employes on the train gave reasonable signals of the approach of the train to the Woods crossing, yet if you further believe from the evidence that the employes in charge of the movements of the train discovered the peril of the deceased in time to have avoided the collision by the use of the available

means and appliances at hand, then you should find for the plaintiff."

"No. 5. Unless the defendant's employes in charge of the train were negligent as defined in instruction No. 1 then you will find for the defendant; and although you may believe from the evidence that there was such negligence on the part of said employes, yet, if, in going on the track as she did, the deceased failed to use ordinary care for her own safety, and but for this would not have been injured, then you will find for the defendant, notwithstanding such negligence on its part."

It has been held by this court in a number of cases that the railroad company may run its trains at such speed as it pleases over private crossings, and that it is not required to give notice of the approach of the trains to such crossings, unless it has been customary for the signals to be given, and they were relied on by persons using the crossing. Johnson v. L. & N. R. R. Co., 91 Ky. 651, 25 S. W. 754; 10 R. 227, 11 R. 118 Louisville, etc., R. R. Co. v. Survant, 96 Ky. 197, 27 S. W. 999, 16 Ky. Law Rep. 545; Davis v. C. & O. Ry. Co., 116 Ky. 114, 75 S. W. 275; Hoback v. Louisville, etc., R. R. Co., 99 S. W. 241. On the other hand, it has been held that where it has been customary for signals to be given of the approach of trains to a private crossing, and these were relied on by persons using the crossing, and a traveler on the crossing was struck by reason of a failure to give the customary signals, a recovery may be had. L. & N. R. R. Co. v. Bodine, 109 Ky. 509, 59 S. W. 740, 23 Ky. Law Rep. 147, 56 L. R. A. 506; Early's Adm'r v. Louisville, etc., R. R. Co., 115 Ky. 13, 72 S. W. 348, 24 Ky. Law Rep. 1807. There was some evidence here that the trains were accustomed to give the usual signals of their ap-

proach to this crossing, and that persons using the crossing relied thereon. This evidence was sufficient to submit the case to the jury under the rule referred to. No one saw the decedent as she approached the crossing. No one knows whether she stopped, looked, or listened, or what precautions she took. This being true, under a long line of decisions of this court, it is not presumed that she was guilty of contributory negligence, and the question is for the jury. The court therefore did not err in refusing to instruct the jury peremptorily to find for the defendant.

The rule that where it has been customary to give signals at a private crossing, and persons using the crossing have come to rely upon them, the signals may not be omitted without notice, obtains in other jurisdictions. Westaway v. Chicago, etc., R. R. Co., 56 Minn. 28, 57 N. W. 222; Nash v. N. Y. Cent. R. R. Co., 117 N. Y. 628, 22 N. E. 1128; 33 Cyc. 946, and cases cited. But there was in this case evidence that the train failed to whistle or give any signals for the crossing as often as they gave such signals. In view of this evidence, it was a question for the jury whether the custom of giving signals for this crossing prevailed to such an extent that persons using the crossing had a right to rely on the signals being given. It is not material that some trains passed this crossing without giving the usual signals, for some trains fail to give signals at public crossings. The case turns on whether there was such a custom to give the signals that persons using the crossing had the right to rely on it. In lieu of instruction No. 1, the court should have told the jury, in substance, that if it had been customary for trains to give signals of their approach to the Woods crossing, and this custom had prevailed to such an extent that persons using the crossing had

reason to rely on such signals being given, and the train in question failed to give reasonable signals of its approach to the crossing, and by reason of such failure the decedent was struck and hurt, they should find for the plaintiff as set out in the instruction; otherwise for the defendant.

There was no evidence in the case to warrant the giving of instruction No. 2. It was not incumbent upon the engineer to look across the cut to see the tops of vehicles. It was his duty to watch the track. L. & N. R. R. Co. v. Onan, 110 S. W. 381, 33 Ky. Law Rep. 462. An instruction of this sort should never be given unless there is evidence to warrant it. L. & N. R. R. Co. v. Joshlin, 110 S. W. 383, 33 Ky. Law Rep. 513.

In Southern R. R. Co. v. Winchester, 127 Ky. 154 105 S. W. 167, where we had before us an instruction similar to No. 5, we said: "In lieu of the third instruction on another trial, the court will tell the jury that it was the duty of the intestate, on approaching the crossing, to use such care as may be usually expected of an ordinarily prudent person to learn of the approach of the train and keep out of its way; that, if the crossing was especially dangerous, it was incumbent on him to exercise increased care commensurate with the danger; and that if he failed to exercise such care, and but for this would not have been injured, then the law is for the defendant, and the jury should so find, even though they may believe from the evidence that the defendant or its employes were negligent as set out in No. 1 and No. 2." Instruction No. 6 given by the court, practically conformed to the rule thus laid down, but, for brevity, on another trial the court will give the one instruction indicated.

The two instructions we have outlined, with instruction Nos. 4 and 8, given by the court defining "reasonable signals" and "ordinary care," cover the whole law of the case. The other matters complained of will not, perhaps, occur on another trial.

Judgment reversed, and cause remanded for a new trial.

NUNN, C. J. I agree to the reversal, but do not assent to the opinion wherein it relieves the appellant from giving warning of the approach of the train to a known unusually dangerous private crossing. As decided by this court in the case of L. & N. R. R. Co. v. Bodine, 109 Ky. 509, 59 S. W. 740, 23 Ky. Law Rep. 147, 56 L. R. A. 506, the effect of the opinion is to give notice to railroad companies to cease to give warnings of the approach of their trains in such cases.