## MIDLAND VALLEY R. CO. v. SHORES.

No. 2617.    Opinion Filed May 13, 1913.

Rehearing Denied November 4, 1913.

(136 Pac. 156.)

1.    RAILROADS—Crossing Accident — Negligence — Presumption of Public Road. Although a railroad crossing may not be upon a public highway, yet, if the track has been used by travelers as a public crossing for a long time with the knowledge of the company, and without objection, and the company has treated the same as a public crossing, it will be presumed to be such, and the railroad company will be bound to exercise ordinary care to prevent injury to persons using the same.

2.    SAME—Signals. Where a railroad company has established the practice of giving signals or keeping a flagman at a place fre-

quently used as a crossing, and such practice is notorious, the traveler has the right to expect that the usual warning will be given, and the failure of the company to do so is a proper fact for the jury to consider in determining the question of the defendant's negligence.

3.    SAME—Contributory Negligence—Question for Jury.    By virtue of section 6, art. 23, Williams' Ann. Const. Okla., the defense of contributory negligence shall in all cases be a question of fact, and shall at all times be left to the jury.

(Syllabus by the Court.)

Dunn, J., dissenting.

*Error from District Court, Osage County;*
*John J. Shea, Judge.*

Action by A. J. Shores against the Midland Valley Railroad Company.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*Edgar A. De Meules,* for plaintiff in error.

*Boone, Leahy & MacDonald,* for defendant in error.

KANE, J.   This was an action for damages for personal injuries alleged to have been inflicted upon the defendant in error, plaintiff below, by the plaintiff in error, defendant below, at a public railroad crossing.   Upon trial to a jury, there was a verdict for the plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The specific act of negligence alleged is:

"That the defendant, its servants, agents, and employees carelessly, negligently, and recklessly failed and refused to give any warning whatever to the plaintiff by ringing its bell or blowing its whistle, notwithstanding the fact that there is near said crossing a whistle post, and notwithstanding the fact that it is the habit and custom of said defendant, its agents, and employees to blow the whistle for said crossing."

The answer was a general denial and a plea of contributory negligence on the part of plaintiff.   The case is very voluminously briefed on behalf of the plaintiff in error, and a great many errors are assigned; but we are of the opinion that all the points necessary to notice may be grouped under the following heads:   (1) The court erred in refusing to take the case from

the jury, for the reason that the evidence showed that the place where the plaintiff was injured was a private, and not a public, crossing, and therefore the only duty owed by the railroad company towards the plaintiff was not to willfully produce a situation of danger to which he would be subjected, and to use reasonable care to prevent injuring him after his peril was discovered. (2) The second contention has to do with the sufficiency of the evidence to establish negligence on the part of the defendant; the contention being that there was no evidence reasonably tending to show that the alleged act of negligence was the proximate cause of the injury. (3) Error in giving and refusing to give instructions.

We do not understand in cases of this class that it is incumbent upon the plaintiff to show that the road over which he was passing was a regularly created public road—that is, that the road was dedicated, laid out, and accepted in pursuance to some provision of law—in order to require the railroad company to give the customary signals at such places, and otherwise exercise ordinary care toward persons using the same. There was evidence to the effect that the road was generally traveled by the public without objection for fifteen or eighteen years prior to the accident; that it was so used long prior to the construction of the railroad; that the railroad company upon the construction of its tracks across the old road put in a crossing at that point, over which travel continued as before. As one witness testified, "After the building of the Midland line the travel then followed the road that was indicated by the railroad company." We think that evidence of this class was sufficient to establish that the road upon which the plaintiff was traveling was a public road, and that the crossing was a public crossing. There is abundant authority to the effect that a railroad crossing may not be upon a public highway, yet, if the track has been used by travelers as a public crossing for a long time with the knowledge of the company, and without objection, and the company has treated the same as a public crossing, it will be presumed to be such, and the railroad company will be bound to exercise ordinary care to prevent in-

jury to persons using the same. The above rule is approved in 2 Elliott on Roads and Streets, sec. 1019, where the authorities will be found collected in a footnote. This rule does not relieve the plaintiff from the necessity of proving the *animus dedicandi*, but allows it to be inferred from legitimate evidence.

A case in point which illustrates the rule as well as any we have been able to find is *Webb, Adm'r, v. Portland & Kennebec R. Co.*, 57 Me. 117, wherein it was held that:

"In the trial of an action for an injury alleged to have been received while passing along a 'public street and highway across the railroad track of the defendants,' if the evidence of a legal location is wanting, it is proper to instruct the jury that there was no legal highway by reason of any proper location, but that, if the jury should find that, with the consent of the company owning the track and having the right of passage there with trains, and of the owners of the fee in the land, there had been a thoroughfare in open and continuous use by the public, and all who had occasion to go between the *termini* mentioned, and that use commenced prior to the running of the defendants' trains there, and continued to the time of the accident without objection made by the company owning the track, or the owners of the fee, or the defendants, they might thence infer the existence of such a way and right of crossing the railroad at grade there, as would bind the defendants to the use of the same precautions, prudence, care, and diligence in running their engines, as they would be bound to exercise if a highway had been located across the track there at grade."

The petition contained an allegation, and there is evidence tending to sustain it, to the effect that it was the habit and custom of the railroad company, its agents, and employees to maintain a whistle post near said crossing, and that it was the habit and custom of said railroad company, its agents, and employees to blow the whistle thereat. It has been held that, where a railroad company has established the practice of giving signals or keeping a flagman at a place frequently used as a crossing, and such practice is notorious, the traveler has the right to expect that the usual warning will be given, and the failure of the company to do so is a proper fact for the jury to consider in determining the question of the defendant's negligence. 3 Elliott on Roads, sec. 1154; *Nash v. N. Y., etc., R. Co.*, 48 Hun, 618,

1 N. Y. Supp. 269; *Westaway v .Chicago, etc., R. Co.*, 56 Minn. 28, 57 N. W. 222; *Pittsburgh, etc., R. Co. v. Yundt*, 78 Ind. 373, 41 Am. Rep. 580; *Wolcott v. New York, etc., R. Co.*, 68 N. J. Law, 421, 53 Atl. 297.

The next contention is to the effect that the plaintiff violated the rule which required him to look and listen before driving upon the track. On this point the plaintiff testified as follows:

"There was a good crossing at the place where I was injured. There was sunflowers and tall grass and weeds along the right of way, so that you could not see. When a person is in the middle of the track he could see a quarter of a mile back; but he could not see from the point where I looked back, which was fifteen or twenty rods from the crossing."

Counsel for plaintiff in error contends that the foregoing evidence should be disregarded because the physical surroundings were such that to look was to see, and the mere utterance that he did look and did not see must be disregarded as testimony by the court, and no additional value is to be given to the utterance because of the fact that a jury predicated a finding thereon, and certain photographs taken at or near the vicinity of the accident are called to our attention to sustain this contention. There is a sharp conflict in the oral testimony as to the physical conditions at or near the scene of the wreck; but we are unable to find anything in the record that convinces us that the story told by the plaintiff cannot by any possibility be true. As far as the credibility of witnesses who testified on this question is concerned, that was for the jury, and the photographs and the evidence in connection with them do not convince us that we would be justified in saying that the plaintiff testified directly in the face of and in opposition to obvious physical facts.

In *Clark v. St. L. & S. F. R. Co.*, 24 Okla. 764, 108 Pac. 361, where the facts were somewhat similar to those disclosed by the record before us, it was held that the question of negligence on the part of the defendant and contributory negligence on the part of the plaintiff were questions of fact for the jury. The same may be said of the instant case. By virtue of section

6, art. 23, Williams' Ann. Const. Okla., the defense of contributory negligence shall in all cases be a question of fact, and shall at all times be left to the jury.

We have examined the instructions given by the court, and those refused, and are of the opinion that on the whole the jury was correctly instructed as to the law of the case.

Finding no reversible error in the record, the judgment of the court below must be affirmed.

HAYES, C. J., and WILLIAMS and TURNER, JJ., concur; DUNN, J., dissenting.