## ST. LOUIS, I. M. & S. RY. CO. v. O'CONNOR.

No. 2972.    Opinion Filed September 1, 1914.

(142 Pac. 1111.)

1.    RAILROADS — Defective Crossing — Open Sewer — Negligence— Question for Jury.    Plaintiff was riding in a buggy on a dark night, and while crossing defendant's right of way where it intersects Cherokee avenue, one of the business streets in the city of Nowata, the team and buggy fell into an open sewer, three

and one-half feet deep, abutting a culvert 24 feet wide, maintained by defendant across said street, throwing plaintiff into the said sewer, injuring him. The crossing on the right of way was unlighted, and the open sewer was unguarded. **Held**, defendant's negligence and its liability to plaintiff were, under all the evidence and circumstances, questions of fact for the jury.

2. **SAME—Street Crossing—Duty to Maintain.** Although a public street crossing defendant's right of way may never have been opened and dedicated to, and accepted by, the public as a public highway, yet if it has been used continuously by the public for several years, recognized and treated as a public crossing by defendant, it will be presumed to be such; and the railroad company owes it to the public to maintain its right of way and property adjoining said crossing in a reasonably safe condition, and to use ordinary care to prevent injury to persons using the same.

3. **SAME—Evidence—Notice of Defects.** An objection to the introduction in evidence of a notice served on defendant by the city authorities as to the defective condition of said crossing, and suggesting certain repairs, examined, and **held**, the court committed no prejudicial error in admitting the same in evidence.

4. **TRIAL—Argument of Counsel—Harmless Error.** Counsel for the railroad company excepted to the remarks made by counsel for plaintiff in his closing argument to the jury, as follows: "It matters not with this plaintiff if this railroad company has among its stockholders counts and princes, and a young girl who has been sold to a count." Counsel failed to request the court to instruct the jury not to consider said remarks. **Held**, the remarks were improper, but, owing to the smallness of the verdict and the fact that counsel failed to request the court to admonish the jury not to consider same, defendant was not prejudiced thereby.

(Syllabus by the Court.)

*Error from District Court, Nowata County;*
*T. L. Brown, Judge.*

Action by M. E. O'Connor against the St. Louis, Iron Mountain & Southern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Vincent M. Miles,* for plaintiff in error.

*W. H. Kornegay* and *Glass & Weaver,* for defendant in error.

RIDDLE, J. The plaintiff in error will be denominated the defendant, and the defendant in error the plaintiff. In substance the plaintiff alleges for cause of action that the defendant's main and switch tracks run almost through the center of

the town of Nowata, Okla., and cross at right angles Cherokee avenue, one of the principal business streets of said city; that said street is 100 feet in width; that the defendant maintains an open sewer and a culvert about 24 feet wide over and across said sewer and within the center of said Cherokee avenue; that said culvert is maintained by the defendant for the use of the public in traveling through the city to defendant's station; that said open sewer is about three and one-half feet deep; that on either side of said culvert within said street there are about 38 feet, open, unguarded and unlighted; that said culvert is covered with earth and chat and is of the same construction as the banks of said sewer on either side of said culvert; that in the bottom of said sewer is about eighteen inches of slime, sewerage and water; that on the 7th day of March, 1910, said plaintiff was driving in a buggy with one W. M. Ice, a liveryman, along and down said Cherokee avenue to defendant's depot, and, in crossing the defendant's right of way on said street, the team drawing the buggy in which plaintiff was riding, in crossing defendant's said right of way in said street, fell into said open sewer, upsetting the buggy in which plaintiff was riding, throwing plaintiff to the bottom of said sewer, and causing him to be submerged in slime, mud, and water, injuring him about the neck and shoulders, and ruining his clothes, to his damage in the sum of $1,900; that the night was dark, and defendant had no lights; that the sewer was not otherwise guarded, and by reason of the negligence of the defendant in maintaining said open sewer, unguarded and unlighted, it was the proximate cause of plaintiff's injury; that plaintiff was without fault.

Defendant specifically denied each allegation of the answer and pleaded contributory negligence.

The evidence on the part of plaintiff substantially sustains the allegations of his petition. There was no evidence showing that Cherokee avenue had ever been formally dedicated to the public. The cause was tried to a jury, resulting in a verdict and judgment in favor of plaintiff for $250.

Defendant prosecutes its appeal to this court, and in its petition in error makes thirteen assignments. Defendant pre-

sents and argues only five of the errors assigned. We shall consider them in the order in which they are set out.

The first point presented is error of the court in refusing to direct a verdict for the defendant. It is the defendant's contention that there was no evidence tending to show it had violated any duty it owed to the plaintiff or to the public, in that plaintiff failed to show that Cherokee avenue had ever been established across defendant's right of way to a greater width than the culvert maintained by defendant; that defendant could not be required to maintain the crossing to a greater width, until the street had been established to a greater width over its right of way. It was not a prerequisite for plaintiff to establish this state of facts to a right of recovery. The defendant owed it to the public to maintain its right of way adjacent to the street and culvert approaching its station in a reasonably safe condition. The issue of negligence in this regard was fairly submitted to the jury under a proper declaration of the law, and its finding is conclusive.

It is next contended that the court erred in admitting a certain notice in evidence, and that defendant's rights were prejudiced by remarks of the trial judge. We find no merit in this assignment. It was charged in the petition and denied in the answer that defendant had been notified by the city authorities of the alleged defective condition existing at this crossing. Complaint is made that the notice contained a declaration of law, requiring certain repairs to be made, when, as a matter of law, there was no such duty existing, in that defendant was granted its right of way by Congress before the street was laid out; and there was no evidence showing that the street had ever been legally established across the right of way. The issue as to whether or not it was the duty of defendant to make the repairs specified in the notice, and whether the specified repairs were necessary in order to protect the public in the use of said street, were questions of fact to be submitted to the jury. The fact that Congress had granted the right of way to defendant long prior to the building of the town could not be a bar to the public in requiring defendant to comply with the provisions of

the statute in maintaining its property adjacent to the public street crossing in a reasonably safe condition. This statute did not contemplate disturbing vested rights or taking defendant's property without just compensation, or depriving defendant of the reasonable and proper use of said property for the purposes for which it was granted. In fact, independent of this statute, under the common law, the railroad company owed a duty to the public, and the public had the power to compel it to maintain its grounds and other property in a reasonably safe condition and submit to such reasonable regulations as would protect the public. The evidence shows that this is a public street, and has been used by the public for many years; and it was not incumbent upon plaintiff to show that this street had been formally dedicated to the public. *Midland Val. R. Co. v. Shores,* 40 Okla. 75, 136 Pac. 157, 49 L. R. A. (N. S.) 814; Elliott on Railroads, secs. 778, 1098, 1102; Thompson on Negligence, sec. 1523.

The remarks of the court of which complaint is made are as follows:

"The Court: Isn't that one of the streets which was already opened? Mr. Miles: The record don't show. Mr. Glass: Yes, sir; it is. The Court: Let the objection be overruled. Mr. Miles: The defendant excepts. The Court: At the time of statehood, and at the time of the platting of the town so made by the Interior Department, this street was opened. Mr. Miles: I except to the remarks of the court in the presence of the jury, commenting on the proposition as to when the street was opened."

We fail to see where any prejudice could have come from these remarks. It is not seriously questioned that this street was used by the traveling public, and the authenticity of its origin is immaterial in this litigation. So far as the rights of the parties to this case are concerned, it makes but little difference whether the street, where it crossed defendant's right of way, was only 25 or 100 feet wide. It is admitted it was 24 feet wide. If the defendant was negligent in maintaining its property adjacent to the 24 feet, and as a result thereof the plaintiff was injured, the defendant would be liable.

It is next contended that the court erred in refusing to give requested instruction No. 14. We are of the opinion that this requested instruction was not warranted under the evidence; hence no error was committed.

It is lastly contended that the court erred in permitting improper remarks by counsel in his closing argument to the jury. The remarks to which counsel except are:

"It matters not with this plaintiff if this railroad company has among its stockholders counts and princes and a young girl who has been sold to a count."

We find no evidence in the record to warrant this language, and counsel was clearly outside of the record, and the remarks were highly improper. Counsel should endeavor to stay within the record and to maintain sufficient forethought, restraining them from using language that might prejudice or otherwise influence the jury improperly, especially in cases against large corporations. For two reasons, however, it is not proper to reverse this case on account of the improper language used: First. Owing to the smallness of the verdict, we are convinced that the jury was not in the least influenced thereby. Second. Counsel failed to request the court to withdraw said remarks and to admonish the jury not to consider same. Under the rule laid down by this court in the case of *Coalgate Co. v. Bross,* 25 Okla. 244, 107 Pac. 425, 138 Am. St. Rep. 915, this is a prerequisite, in order to secure favorable consideration by the appellate court.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

All the Justices concur.