## EWERT v. COOPER.

No. 8115—Opinion Filed June 6, 1917.

(166 Pac. 138.)

1. **Appeal and Error — Review—Questions Presented.**

This court will not consider an assignment of error predicated upon misconduct of counsel in making an alleged improper statement in the presence of the jury, where it appears that the trial court was neither requested to withdraw the statement nor to instruct the jury not to consider the same, and the matter was not presented by motion for new trial.

2. **Appeal and Error — Presentation of Grounds of Review in Court Below—Necessity.**

Where the complaining party has failed to demur to the evidence or move for a directed verdict, the question of the sufficiency of such evidence to sustain a verdict is not properly reviewable on appeal.

(Syllabus by Bleakmore, C.)

Error from District Court, Garvin County; F. B. Swank, Judge.

· Action by Garland F. Cooper against Jonathan J. Ewert. There was a judgment for plaintiff, and defendant · brings error. Affirmed.

C. L. McArthur and Thompson, Patterson & Farmer, for plaintiff in error.

Albert Rennie, for defendant in error.

Opinion by BLEAKMORE, C. This is an action commenced in the district court of Garvin county by Garland F. Cooper, plaintiff, against Jonathan J. Ewert, defendant, seeking recovery of damages alleged to have resulted from the taking by plaintiff of a poison carelessly and negligently sold and delivered to him by defendant, a druggist, instead of a medicine indicated by the prescription of a physician presented to defendant to be compounded in the regular course of business. Upon trial to a jury, plaintiff recovered judgment in the sum of $825. Defendant has appealed, and assigns as error the following: (1) Errors of law occurring at the trial; (2) the verdict is not sustained by the evidence and is contrary to law; and (3) excessive damages apparently awarded under the influence of passion and prejudice.

1. Under his first assignment defendant urges error on the part of the trial court in permitting counsel for plaintiff to refer to the pecuniary resources of defendant. Such reference was made during the cross-examination of defendant, a witness in his own behalf, as follows:

"Q. What sized store building do you use up there? A. One hundred feet. Q. And it is occupied with drugs and merchandise from the front to the rear? A. Yes. sir. Q. You have a large stock of drugs and merchandise, have you, there? A. Well, a fair-sized one.

"Mr. Patterson. Objected to as incompetent, irrelevant, and immaterial.

"The Court: Sustained.

"Mr. Rennie: It is our purpose to show he is in comfortable circumstances and able to respond to a judgment that will be commensurate with the damages this boy has sustained. (Which objection is by the court sustained, to which action of the court the plaintiff excepts, and which exception is by the court allowed.)

"Mr. Patterson: We except to the inference of counsel as to the wealth of this young boy."

It seems clear that the sole ground of complaint in this respect is founded on the misconduct of counsel for plaintiff, and not upon any action of the court. Such misconduct was not presented to the court below by motion for new trial and therefore will not be considered upon review by this court. Woods County Bank v. Bensing, 19 Okla. 257, 91 Pac. 842. And, again, defendant did not request the court to withdraw such statement of counsel, or to instruct the jury not to consider the same; such request being a prerequisite to consideration of the alleged error here. St. L., I. M. & S. R. Co. v. O'Connor, 43 Okla. 268, 142 Pac. 1111.

2. Defendant failed to demur to the evidence or move for a directed verdict; and therefore the question of the sufficiency of the evidence to sustain the verdict and judgment is not properly presented, and may not be considered on appeal. ' Barnes v. Universal Tire Protector Co., 63 Okla. 292, 165 Pac. 176; Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157; Bank of Cherokee v. Sneary, 46 Okla. 186, 148 Pac. 157; Reed v. Scott, 50 Okla. 757, 151 Pac. 484; Oaks v. Samples, 57 Okla. 660, 157 Pac. 739.

3. The defendant having permitted the issues joined to be submitted to the jury upon the evidence without objection or exception, the verdict, on review in this court, is conclusive, so far as such evidence is concerned, except as to "excessive damages, appearing to have been given under the influence' of passion and prejudice." Muskogee Electric Traction Co. v. Reed, supra.

4. A careful examination of the entire record fails to disclose that the verdict is excessive under the evidence 'or was given under the influence of passion and prejudice.

"Appellate courts should sparingly exercise the power of granting new trials on the

ground of excessive damages, and only when it appears that the verdict is so excessive as per se to indicate passion or prejudice." Choctaw, O. &. G. R. Co. v. Burgess, 21 Okla. 653, 97 Pac. 271.

The judgment is therefore affirmed.

By the court: It is so ordered.