**Patricia Gail MAGGARD, Administratrix of the Estate of Roy Darrell Maggard, Appellant,**

**v.**

**LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Appellee.**

Court of Appeals of Kentucky.

Feb. 4, 1977.

John N. Cornett, Whitesburg, Carl E. McAfee, Edwin C. Gillenwater, Norton, Va., for appellant.

Charles Landrum, Jr., Lexington, Ronald G. Polly, Eugene W. Herde, Louisville, for appellee.

Before HOWARD, WHITE and COOPER, JJ.

HOWARD, Judge.

This appeal involves a wrongful death-negligence action from Letcher Circuit Court in which the trial court judge granted a judgment N.O.V. on behalf of the appellee-defendant. The trial court found as a matter of law that the appellant was guilty of contributory negligence and instructed the jury that they could only find for the appellant-plaintiff if they believed that the appellee-defendant had the last clear chance to stop. In granting a judgment N.O.V., the trial court stated the following:

"As indicated in the cases above cited [*General Telephone Company of Kentucky v. Yount*, 482 S.W.2d 576 [567] (1972); *Louisville and Nashville Railroad Company v. Vanderpool*, Ky., 469 [496] S.W.2d 349 (1972)] the defendant does not have the last clear chance to avoid the injury unless the defendant actually knows the situation and realized or has reason to realize that the plaintiff will remain inattentive and the mere fact that the decedent is on the crossing is not alone sufficient to satisfy this requirement."

On November 30, 1972, Roy Darrell Maggard was employed by Letcher County, Kentucky as a road grader operator. Venson Halcomb was scheduled to go with him that day to clean out ditches and act as a flagman when necessary. Since he was late to work that morning, Roy worked alone spreading red-dog on a dirt road near Blackey, Kentucky. In order to get to where he was working, it was necessary for him to cross the main line and side track of the L & N railroad. There were no warn-

ing devices or markings at these two crossings.

Robert Flinchum, engineer of the train, testified that he did not see the road grader until after the train had hit it. It was Curtis Eversole's, the head end brakeman, duty to watch the right side of the train. Eversole testified that he saw the road grader on the track and told Flinchum to blow the whistle. When he realized that the grader was not going to make it across the track in time, he told Flinchum to put the train in full emergency. The train did not stop until approximately 5–6 car lengths (44 ft. per car) past the crossing. As a result of the accident, the road grader was knocked off the track and on its side. Roy was injured and subsequently died.

The appellant contended that the crossing was a public one and being so the railroad was under a duty to blow its whistle as it approached the crossing which it did not do that day. The appellee claimed that the crossing was private and produced evidence showing that the landowner owned it. The trial court ruled as a matter of law that the crossing was a private one and that being the situation the railroad was under no duty to blow its whistle *L & N Railroad Company v. Engleman's Adm'r*, 135 Ky. 515, 122 S.W. 833 (1909).

At a private crossing the only duty of a railroad is to exercise ordinary care to save a person from injury after his peril is discovered by those in charge of the train. The person crossing the track must exercise ordinary care for his own safety. *Chesapeake and Ohio Railroad Company v. Hunter's Adm'r*, 170 Ky. 4, 185 S.W. 140 (1916). As to the last clear chance doctrine the railroad company was under a duty to do everything possible after it discovered Maggard's peril, but is was not required to discover the situation any sooner. *L & N Railroad Company v. Vanderpool*, Ky., 496 S.W.2d 349 (1973). Considering all the evidence presented in this case, we find that the trial court acted properly when it found Maggard guilty of contributory negligence

as a matter of law. *L & N Railroad Company v. Fisher*, Ky., 357 S.W.2d 683 (1962).

The judgment is affirmed.

All concur.