### FT. SMITH & W. R. CO. v. JONES.

No. 6950—Opinion Filed March 6, 1917.

Rehearing Denied April 10, 1917.

(163 Pac. 1110.)

(Syllabus by the Court.)

**1. Railroads—Injury on Track—Negligence —Evidence.**

Where the evidence tended to show that plaintiff, who was riding in a wagon along a street approaching a crossing of defendant's railway, did not venture upon the right of way until it was apparent that the crossing was unobstructed and until invited by the conductor in charge of one of defendant's trains to do so, and after thus going upon the crossing the wagon in which she was riding was struck by cars detached from any train, set in motion without warning, by contact with other cars, the movement of which was unknown to and could not have been anticipated by her, and she was injured as a result of such accident, the evidence is sufficient to support a finding of negligence against the defendant.

**2. Railroad—Injury on Track—Negligence —Proximate Cause.**

Even though the negligence of a railway company be shown, before a recovery can be had for injuries claimed to have been sustained as the result of such acts of negligence, it must be shown that the acts of negligence complained of were the proximate cause of the injuries alleged.

**3. Evidence—Expert Testimony—Cause and Extent of Injury.**

Where the injuries complained of are of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science, and must necessarily be proven by the testimony of skilled, professional persons.

**4. Railroads—Injury on Track—Sufficiency of Evidence.**

Evidence in this case held sufficient to reasonably sustain the verdict.

Error from District Court, Okfuskee County; John Caruthers, Judge.

Action by Minnie Jones against the Ft. Smith & Western Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Warner & Warner, for plaintiff in error.

G. C. Crump, J. L. Skinner, and W. T. Anglin, for defendant in error.

HARDY, J. This is an action in damages for personal injuries, commenced in the court below, by Minnie Jones as plaintiff against the Ft. Smith & Western Railroad Company as defendant. There was judgment for plaintiff, and defendant has brought the case here for review.

Proposing to leave the town of Okemah for her home in the country, plaintiff, with others, was riding in a wagon. Arriving near a point where four tracks of defendant cross the street upon which it was traveling, the wagon was stopped and some merchandise placed therein. Cars which were standing on the right of way of defendant obstructed the view of those in the wagon of the tracks on the west. The crossing was clear. Standing upon a car upon one of the tracks a person, believed by plaintiff and others in the wagon to be a brakeman, but shown by defendant's testimony to have been the conductor in charge of its train, signaled them to drive across, and, according to the testimony of one witness, called out "All right," whereupon the wagon was driven upon the right of way, where it was struck by cars of the defendant, moving from the west, and pushed a short distance along the track. There was no warning of any kind given of the movement of the cars. The conductor testified that no engine was attached thereto when they ran into the wagon; that a car or cars had been pushed down the main line against other cars, causing them to run down and hit the rest of the train; that no person was left to guard the train on the main line, and when the engine shoved the loose cars back against it, it shoved them with enough force to get whomsoever was passing. Plaintiff testified that when the car hit the wagon, she went to get up and fell back; that the seat came off, and she fell back over the seat, and was on the ground when she came to herself; that prior to the accident she was a strong, healthy young woman, never under a physician's care. Within a short time after the collision she was taken with a pain in her back, side, and stomach. Upon reaching home she went to bed, where she was confined for some three weeks, and thereafter, up to the time of the trial, suffered with profuse menstruation and prolapsus of the womb. A physician was called the same night, who examined and treated her then and subsequently, who testified that he found her nervous, excited, and suffering physical and mental pain. He further testified that the conditions from which he found her suffering, in his judgment, probably resulted from fright or a jump or some other unusual

movement or action of the body; that it might have resulted from a miscarriage; that she told him at the time that she had missed her period between a week and ten days. Another physician, who called later and who was treating her at the time of the trial, testified that she was suffering from profuse menstruation and prolapsus of the womb, and that there are a number of causes for injuries of this kind; the principal ones being by injury, miscarriage, or other inflammatory condition of the pelvis, by lifting or anything tending to cause an inflammatory condition of the pelvic cord.

For reversal of the judgment defendant, in its brief, insists:

First. That there was no causal connection between the injury complained of and any act of defendant. Second. That negligence was not shown on the part of the defendant; but, if so, the same was not the proximate cause of the injury. Third. Error in the giving and refusal to give certain instructions.

The first and second contentions of defendant are, in the light of the evidence, without merit. It is obvious that plaintiff used all the care for her safety that an ordinarily prudent person so situated would have exercised under the same conditions. Approaching the crossing of defendant over a public street upon which she was rightfully traveling, she stopped and did not venture upon the right of way until it was apparent that the crossing was unobstructed, and did not enter thereon until invited to do so by the conductor in charge of defendant's train and his statement that it was "all right." This invitation by defendant was, in her situation, an assurance of safety, upon which she had a right to rely. 3 Elliott on Railroads, sec. 1157.

After thus going upon the crossing, the wagon in which she was riding was struck by cars detached from any train, set in motion without warning by contact with other cars, the movement of which was unknown to and could not have been anticipated by her. That this evidence was sufficient to support a finding of negligence appears too clear for controversy. St. L. & S. F. R. Co. v. Houston, 27 Okla. 719, 117 Pac. 184; Midland Valley R. Co. v. Shores, 40 Okla. 75, 136 Pac. 157, 49 L. R. A. (N. S.) 814; St. L. & S. F. R. Co. v. Model Laundry, 42 Okla. 501, 141 Pac. 970; Wilhelm v. M., O. & G. R. Co., 52 Okla. 317, 152 Pac. 1088, L. R. A. 1916C, 1029.

Whether plaintiff fell from the wagon as the result of the impact of such cars or jumped therefrom because of fear, or whether her injuries were occasioned by a fall, leaping to the ground or by fright, is, under the circumstances, unimportant, for the negligence of defendant plainly appears and was found by the jury, under proper instructions, to have been the proximate cause of her injuries. It is settled in this state, as contended by defendant, that even though a railroad company be shown to have been guilty of negligence, yet, before a recovery can be had for injuries claimed to have been sustained as the result of such acts of negligence, it must be shown by competent evidence that the acts of negligence complained of were the proximate cause of the injuries alleged. C., R. I. & P. R. Co. v. Duran, 38 Okla. 719, 134 Pac. 876; St. L. & S. F. R. Co. v. Criner, 41 Okla. 257, 137 Pac. 705; Milwaukee & St. Paul R. Co. v. Kellogg, 94 U. S. 469, 24 L. Ed. 259; St. L. & S. F. R. Co. v. Snowden, 48 Okla. 115, 149 Pac. 1083.

And it is likewise the settled rule that where the injuries complained of are of such a character as to require skilled and professional men to determine the cause and extent thereof, then the question is one of science, and must necessarily be determined by the testimony of skilled, professional persons. Willet v. Johnson, 13 Okla. 563, 76 Pac. 174; A., T. & S. F. R. Co. v. Melson, 40 Okla. 1, 134 Pac. 388, Ann. Cas. 1915D, 760; St. L. & S. F. R. Co. v. Criner, supra.

In this case there was sufficient evidence to carry the case to the jury upon the question of whether the injuries received by plaintiff were the proximate result of the act of negligence proven, and upon this issue the verdict of the jury was in favor of plaintiff. There was evidence of the physician who was called to treat her immediately upon reaching home, who testified to the conditions from which he found her suffering, and also gave the causes from which such conditions result, and his testimony was corroborated by another physician, who later called and was treating plaintiff at the time of the trial, and the evidence of this character offered by plaintiff was sufficient to satisfy the rule just quoted with reference to the necessity for evidence of skilled professional persons to prove that injuries of the character received by plaintiff were caused by the negligence of defendant, resulting in the accident which the evidence shows to have occurred.

There was no error in the instruction given, nor in refusing instructions requested by the defendant.

The judgment is affirmed.

All the Justices concur, except THACKER, J., absent.