## FT. SMITH & W. RY. CO. v. HUTCHINSON.

No. 7147—Opinion Filed Oct. 29. 1918.

(175 Pac. 922.)

(Syllabus.)

**1. Evidence — Expert Testimony — Basis of Opinion.**

A physician in giving evidence as an ex-

pert may base his opinion upon his observation and examination of the patient. together with a history of the case as given to him, and such opinion will not be rendered inadmissible in evidence because based partly upon statements made to him by the patient with reference to her condition, symptoms, sensations and feelings when they were made to, and received by him, and were necessary to an examination and proper diagnosis and treatment of the patient's injuries.

### 2. Railroads—Personal Injury — Proximate Cause—Question for Jury.

Evidence examined and held sufficient to carry the case to the jury upon the question whether the negligence of the defendant was the proximate cause of the plaintiff's injuries.

### 3. New Trial — Excessive Verdict—Reduction by Trial Court.

Where the trial court is of the opinion that a verdict is excessive, it may impose upon the plaintiff the alternative of accepting judgment in a reduced amount or of having a new trial granted.

### 4. Damages—Personal Injury — Excessive Damages.

The judgment in this case. as reduced by the trial court, held not excessive.

Error from District Court. Okfuskee County; John Caruthers, Judge.

Action by Annie Hutchinson against the Ft. Smith & Western Railway Company. Judgment for plaintiff, motion for new trial overruled on condition that plaintiff remit one-half of the verdict, which was done, and defendant brings error. Affirmed.

Warner & Warner, for plaintiff in error.

Crump, Skinner & Anglin and Roy Hockensmith, for defendant in error.

HARDY, J. This is an action to recover damages for injuries alleged to have been received by Annie Hutchinson, resulting from an accident caused by the negligence of the Ft. Smith & Western Railway Company. The injuries in this case arose out of the same accidents as in the case of Ft. Smith & Western Railway Co. v. Jones, 63 Okla. 228, 163 Pac. 1110. Plaintiff was riding in the same wagon with plaintiff in that case. and the negligence of the defendant is established by that decision.

This leaves for consideration the question whether the injuries alleged to have been suffered by plaintiff were actually caused by the negligence of defendant. The injury which plaintiff alleges she suffered was a miscarriage, and in support of this allegation she offered the testimony of her attending physician, Dr. H. C. Pitchford, who testified as to the examination made by him. the condition of the plaintiff at the time and the manner of treatment, and to the fact of the miscarriage, after which the following question was propounded to him:

"From what you know about the woman here, and being her family doctor, what she told you about the history of her case, what you learned when you were called in on the third day when she was having hemorrhages and from the treatment you gave her up and until the time of the miscarriage, what in your judgment produced the miscarriage"?

Objection was made to the question upon the grounds of incompetency, irrelevancy. and immateriality, and upon the further ground that "the hypothesis upon which the question was based was things told him." The objection was overruled whereupon the witness answered as follows:

"Well, my opinion would be, from what she said, that a jump out of a wagon would have been sufficient to produce it."

In support of the argument that permitting the witness to answer this question was error, it is urged that the medical expert was permitted to testify as to the cause of the miscarriage. basing his opinion upon a history of the case as related to him by the plaintiff. The witness did not say that a jump out of the wagon produced the injury, but that it would have been sufficient to do so, and it cannot be said that the answer invaded the province of the jury by stating what did in fact cause the injury complained of. That it was permissible for the witness to base his opinion, in part, upon the history of the case as given him by the patient, is settled by the decision in Chicago, Rock Island & Pac. Ry. Co. v. Jackson, 63 Okla. 32, 162 Pac. 823. where it was said in the fourth paragraph of the syllabus:

"A physician in giving evidence as an expert may testify to a statement made him by the patient in relation to his condition, symptoms. sensations, and feelings, both past and present, when such statements were received and were necessary to an examination. with a view to his treatment and when made the basis, in part at least. of the physician's opinion; but such testimony cannot be considered as independent evidence of the facts stated, except in cases where the same is competent as forming a part of the res gestæ." St. Louis & S. F. Ry. Co. v. McFall, 63 Okla. 124, 163 Pac. 269.

The testimony of the physician does not disclose what statements were made to him by the plaintiff upon which his opinion was based. He nowhere stated that she told

him she jumped out of a wagon, and it is reasonable to infer that what she said to him was with reference to her condition, symptoms, and sensations preceding and accompanying the accident, such as would enable him to properly diagnose and treat the patient. This view is supported by the fact that he stated she did not tell him the cause of the injury. If defendant believed that the opinion of the witness was based upon a statement as to the manner of the occurrence this could have been investigated upon cross-examination, when it could have been ascertained whether and to what extent his opinion was based upon such statement. Neither is it a necessary inference to say that his opinion was based wholly upon what she told him. While the language of the answer quoted, taken literally, might bear such interpretation when considered in connection with the preceding questions and the entire examination it appears that his opinion was based upon his observation and examination of the patient, together with the history of the case as given to him.

It is further urged that there is no evidence which tends to show that plaintiff's alleged injuries were the proximate result of defendant's negligence; and that there was no proof that plaintiff jumped out of the wagon. The witness Jones, who was driving the wagon, testified that at the time of the collision Mrs. Hutchinson either threw or dropped her baby out of the wagon into the mud, and that she tried to get out of the wagon, and fell with one foot in the bed and the other outside of the bed, and was lying down on the edge of the bed and could not get out, and that she was helped down out of this position. Plaintiff testified that when the collision occurred her baby fell out on the ground, and that she went to jump out and did not remember just what did happen. The physician testified that he was called to see her on the third day of the month and found some hemorrhages, ascertained the history of the case, and treated her to prevent a threatened miscarriage, and continued to treat her up until the miscarriage occurred, and that in his opinion a jump out of the wagon could have caused the condition of which plaintiff complains. The evidence was sufficient to carry the case to the jury upon the question of whether the injuries received by plaintiff were the proximate result of defendant's negligence. The testimony of

the physician as to her condition when he was first called and her continued condition until the time of the miscarriage, and also as to the cause which might have produced this condition, was sufficient to satisfy the rule requiring evidence of skilled professional persons to prove an injury of the character which plaintiff alleges she received. Ft. & W. Ry. Co. v. Jones, supra.

Instruction No. 8 was not erroneous in that it submitted to the jury the question whether plaintiff's injuries resulted from her act in jumping out of the wagon. There was evidence from which the jury might have found, and no doubt did find, that she attempted to jump out of the wagon, and the mere fact that she did not jump clear to the ground, but fell over the side of the wagon and had to be helped to the ground, does not make the instruction erroneous for that reason.

Neither was the judgment excessive. The verdict was for $2,999. In passing on the motion for a new trial, the court overruled same on condition that plaintiff remit one-half of the verdict, which was done, and judgment rendered accordingly. The court, being of the opinion that the verdict was excessive, had the right to impose upon plaintiff the alternative of accepting a judgment in the reduced amount or of having a new trial granted. A., T. & S. F. Ry. Co. v. Cogswell, 23 Okla. 181, 99 Pac. 923, 20 L. R. A. (N. S.) 837; Kennon v. Gilmer, 131 U. S. 22, 9 Sup. Ct. 696, 33 L. Ed. 110. The evidence as to the injuries suffered by plaintiff tends to show that at the time of the collision she was hurt and continued to suffer pain until the third day, when hemorrhages appeared, and she was treated by a physician, and that she continued to suffer pain in a more or less degree until the time of the miscarriage. Prior to the collision she was a strong and healthy woman, was the mother of five children, and had performed all her household duties. After the collision, by reason of the injuries and the pain and suffering which she underwent, she was unable to perform household duties, and this condition continued until the time of the trial; her general health being impaired. Upon this evidence we cannot say that the judgment was excessive. The injuries in the Jones Case, supra, were of similar character, and the judgment in that case was for $1,232.

The judgment is affirmed.