## NOVAK v. MILLER.

No. 14643—Opinion Filed Feb. 5, 1924.

**1. Evidence—Cause of Injuries — Expert Testimony not Necessary.**

In an action for personal injuries, where the plaintiff was thrown from a buggy and struck the pavement with her head, face, and side, it was competent for the plaintiff to testify that the cut above the eye and the bruises on her face, side, and body were the result of striking the pavement and that as a result of such injuries she was confined to her bed for 30 days.

**2. Appeal and Error—Presumptions—Basis of Verdict for Personal Injuries.**

In an action for personal injuries, where it was shown that the plaintiff was thrown from a buggy in which she was riding and her head, face, and side struck the pavement, as a result of which she was confined to her bed for 30 days, and received medical attention, and the verdict was for $500, it will not be presumed that any part of such verdict was an award for permanent injuries.

**3. Appeal and Error—Exclusion of Evidence —Necessity for Record.**

This court cannot say that an objection to a question was improperly sustained where no statement as to what the witness was expected to testify is contained in the record.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by Elizabeth Miller against Samuel Novak. Judgment for plaintiff, and defendant appeals. Affirmed.

A. E. Montgomery, for plaintiff in error.

T. L. Brown and Luther James, for defendant in error.

Opinion by RAY, C. Elizabeth Miller recovered a judgment for $500 for personal injuries suffered in a collision between a buggy in which she was riding and an automobile driven by Samuel Novak.

A number of errors are assigned, but are presented under two proposition, which may be briefly stated as follows: (1) The evidence was not sufficient to go to the jury on the question of the injuries and sufferings of which plaintiff complained for the reason that they were "of a nature that it required expert testimony of physicians to show that they were the result of being thrown to the pavement by the collision."

(2) The court erred in refusing to admit competent testimony offered by defendant.

1. In support of the contention that only experts could furnish evidence that the injuries complained of were the proximate result of the fall, defendant relies upon the case of Willett v. Johnson, 13 Okla. 563, 76 Pac. 174. That was an action for damages for assault and battery. The evidence showed that after the assault the plaintiff was suffering from inflammation of the uterus, ovaries, and bladder. There was no medical testimony to the effect that this condition was the proximate result of the assault. The court said:

"Where the injuries are of such a character as to require skilled and professional

men to determine the cause and extent thereof, the question is one of science, and must necessarily be determined by the testimony of skilled professional persons, and cannot be determined from the testimony of unskilled witnesses having no scientific knowledge of such injuries."

We think that case is not in point. The two cases are not analogous. The evidence as to the injuries was confined largely to the testimony of the plaintiff and her attending physician. She testified that she was thrown from the buggy and struck the pavement on her side and head; that she was picked up and carried into the house; that she thought at the time her leg was broken; that she was confined to her bed about a month; that she had suffered since that time with her back and head and that she had become a nervous wreck. Dr. E. L. Rhodes, the physician who attended her, testified that he was called to see her the morning after the accident and found her suffering from a good many bruises around over the body and a cut over the left eye: that the whole side of her face was bruised and black but did not remember the size of the laceration: that she was apparently suffering; that she appeared nervous; that both knees were badly bruised; that she had bruises across the small of the back; that she had some lacerations over the left eye and over the left side of the face; that she was confined to her bed for a time, he couldn't tell how long; that it had been two years since the accident; that he attended her a number of times. There was no expert testimony that the injuries were of a permanent nature. The only evidence to that effect was that of the plaintiff that her head and back still troubled her and that she was in good health.

It required no scientific knowledge to know that the bruised head and body and the cut over the eye were caused by the fall on the pavement, or that the condition which confined her to the bed for 30 days was the result of such injuries. And it cannot be presumed, where the action was for $10,000 and the verdict for $500, that she was awarded any sum for permanent injuries.

2. It is contended that the court erred in sustaining an objection to this question asked plaintiff on cross-examination:

"I am asking you if Bedford Godman had turned his horse and buggy to the south one foot it would have avoided the injuries wouldn't it."

We think it was not prejudicial to the rights of the defendant. It was simply calling for a conclusion from the plaintiff as to one of the principal questions at issue.

It is also contended that the court erred in sustaining objections to certain questions asked of Dr. Dudley Dickson, but no tender of evidence or statement of what it was expected the answers would be was made, and we are unable to say whether or not the exclusion of the evidence was prejudicial to the rights of the defendant.

We think the issues were fairly submitted to the jury and the judgment should be affirmed.

By the Court: It is so ordered.