## OKLAHOMA NATURAL GAS CORP. v. HARMON.

No. 25637.  March 24, 1936.

Rehearing Denied April 21, 1936.

Allen, Underwood & Canterbury and Paul Pinson, for plaintiff in error.

Pitchford & Pitchford and B. F. Moak, for defendant in error.

RILEY, J.  Roy H. Harmon obtained a judgment in the sum of $5,000 against the plaintiff in error, a public service corporation engaged in the business of distributing natural gas in the city of Okmulgee. The action was to recover damages for personal injuries sustained by Mr. Harmon on an occasion at night when he attempted to walk toward the business district of the city from his home. The plaintiff sought to use a pathway in the parkway adjacent to a street where a meter pipe had been left protruding by the defendant corporation. Mr. T. D. Harris lived immediately north of plaintiff in said city. The defendant corporation had furnished natural gas to the home of Mr. Harris, and for convenience the gas corporation had moved the meter from the house to the parkway near the curbing. An automobile disturbed the meter and the defendant corporation had removed the meter, but allowed two supporting pipes to remain near a dim path, where the grass had rendered them obscure from view. On the night of July 14, 1932, the plaintiff was tripped by the pipes, thrown into the street and seriously injured. Negligence was predicated on the acts of the defendant corporation in allowing the protruding pipes to so remain as a hazard to pedestrians.

On appeal it is urged that:

"A person may not voluntarily choose an unsafe passageway as against a safe one, and then charge another with injuries resulting from his choice."

This doctrine of volenti non fit injuria has no application to the cause at bar. The plaintiff knew the meter had been removed, but he did not know of the remaining hazard. There was no sidewalk at the place, the alternative was the street, where apparently pedestrians would be more unsafe. The doctrine urged is akin to contributory negligence, which under our Constitution is a question of fact for determination of the jury.

It is contended that the proximate cause of the injury was plaintiff's lack of care for his own safety, but the trial court properly instructed the jury on the issue of the

proximate cause of the injury, and the verdict of the jury foreclosed the question.

Likewise the verdict of the jury determined the question of negligence. The defendant corporation had a right to use the parkway and as an incident of the use to install objects thereon, but it is generally held that such corporations engaged in such business and making such use of the parkways in cities are required to exercise due care to avoid conditions dangerous to the public. Shawnee G. & E. Co. v. Griffith, 96 Okla. 261, 222 P. 235; Ladow v. Oklahoma G. & E. Co., 28 Okla. 15, 119 P. 250.

The judgment is sought to be avoided under the theory that the pipe line and equipment beyond the curb was not owned by the defendant corporation, but by the person served with natural gas. The defendant was responsible for the placing of the meter in the parkway; it had removed it from near the home served at its own expense and for its advantage. It created the hazard which the jury found to be the proximate cause of the injury and damage. Liability in such cases is not dependent upon title. 45 C. J. 882; Louisville Gas & E. Co. v. Noll, 178 Ky. 33, 198 S. W. 745.

Exceptions are made to the instructions of the trial court, but our review of these leads to the conclusion that the cause was fairly submitted.

Alleged incompetent evidence is presented. This testimony concerns loss of earning capacity of the plaintiff. The error, if any, in the admission of this testimony was harmless in that it dealt with a second cause of action which was decided in favor of defendant below, plaintiff in error.

Judgment affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY and PHELPS, JJ., concur.