## MID-CONTINENT PETROLEUM CORPORATION v. MILLER.

No. 28299.   May 24, 1938.

J. C. Denton, R. H. Wills, J. H. Crocker, J. P. Greve, I. L. Lockewitz, and R. J. Roberts, for plaintiff in error.

W. A. McDaniel and J. L. Jackson, for defendant in error.

PHELPS, J. The defendant oil company appeals from a verdict and judgment in favor of plaintiff for the loss of one horse and three cows from drinking polluted water in a slough or pond on plaintiff's premises. The water therein came from overflow of a river.

It is not denied by defendant that it deposited oil, salt water, and other deleterious substances in considerable quantity into the river. It was admitted in substance by one witness of the defendant that the situation was virtually out of control. The sole contention of defendant is that there is no evidence that the animals died as the result of drinking the water.

There was evidence reasonably tending to establish that the water in the slough or pond was polluted by salt water and oil, if not by other deleterious substances. It is true, as contended by defendant, that the degree or intensity of pollution was not shown. However, no rule of law has been cited requiring the plaintiff to prove any certain degree or percentage of pollution as a condition precedent to recovery. If he is able to prove that the water was polluted by the defendant, and that the animals died as a result of drinking it, and because of said pollution, it is sufficient unless affected by other issues not present in the case under discussion.

While the case presented by plaintiff on the issue of causal connection was not a strong one, we are of the opinion that it was barely sufficient under the applicable rules of review. In the first place it must be admitted that the water was polluted. Next, it was shown that the cattle and horse were not ill prior to drinking the water, that then upon drinking it they became sick and had hemorrhages and blood and black substances passed from them; that when one of them, after dying, was cut open, the stomach was "eat up with acid and there was black looking stuff in her, and she passed black passages when she was sick, and bloody stuff come through her bowels." Next, then, a veterinarian testified that such condition would be caused by drinking salt water. His testimony was weakened somewhat on cross-examination, as pointed out by defendant, by the admission that a certain named disease, sometimes acquired by cattle, would cause the passing of blood, but his testimony was uncontradicted to the effect that only salt water would create the condition in the stomach such as was found by the plaintiff when he opened the dead cow. The veterinarian further conceded that he would not feel safe in diagnosing a case by symptoms described to him by a layman, but this went only to the evidentiary weight or value of his opinion. It cannot be said that his testimony counted for nothing at all. Furthermore, that portion of it was not objected to. Other witnesses also testified that salt water produces the same symptoms in cattle.

With the foregoing facts, what impres-

sion is created on the normal mind? Did the animals die from drinking the polluted water or did they die from some other unknown cause, of which there was no evidence? We do not believe that the conclusion that they died from drinking poisonous water is mere conjecture, under the circumstances. It must be borne in mind that plaintiff is not required, under the rules in this state, to make proof of the connection to a degree beyond any doubt. All that he need do is to make it appear more probable that the injury came in whole or in part from the defendant's negligence than from any other cause, and this may be done by circumstantial evidence. Our former decisions on this question were reviewed at length and discussed in Highway Construction Co. v. Shue, 173 Okla. 456, 49 P.2d 203, wherein, in the 2nd and 3rd paragraphs of the syllabus, we said:

"In a civil case all that the plaintiff is required to prove in order to establish causal connection between defendant's negligence and plaintiff's injury is to make it appear more probable that the injury came in whole or in part from defendant's negligence than from any other cause, and this fact may be established from circumstantial evidence.

"If any one of several other conclusions is as consistent with the facts as is the conclusion that the negligence caused the injury, then the verdict may be said to be based upon conjecture, but if those other conclusions are not as consistent with the facts as is the conclusion that the negligence caused or partly caused the injury, it cannot be said that the verdict is based upon conjecture."

There was no evidence at all, in the instant case, of "any other cause." There was evidence from which the inference would not be unreasonable that the poisonous water caused the injury. With the last-quoted paragraph above as a test or guide, it must be admitted that the evidence of causal connection was sufficient.

Defendant cites Prest-O-Lite Co. v. Howery, 169 Okla. 408, 37 P.2d 303, but the distinction is that in that case there was no evidence that the water was polluted. The distinction is pointed out in the case itself (loc. cit. 169 Okla. 409, 37 P.2d 305):

"If it had been proved that at the time the injuries were incurred there were poisonous or deleterious substances in the water, harmful to animal life, or if it had been proved that the animals and fowls died as a result of drinking the water, a different situation would prevail, but the failure to prove one of these circumstances is fatal to plaintiff's right of recovery."

Consider the logical result of combining the following facts, numerically indicated: Here (1) The water **was** shown to be polluted with oil, salt water, and other deleterious substances. (2) The animals drank it and (3) became sick. (4) The symptoms exhibited by them (passing blood and black substances) were shown by an expert and certain lay witnesses to be those usually attendant upon drinking such substances as were in the water. From a progression in severity of same the animals died, and then when one of them was opened (5) a certain **additional** condition or symptom was found. (6) The expert testified that such internal condition is caused only by the drinking of salt water.

As opposed to this evidence, that is, that the animals may have died from some other cause, the record is silent. No other cause was suggested. It appears "more probable that the injury came in whole or in part from the defendant's negligence than from any other cause," and the judgment is therefore affirmed.

BAYLESS, V. C. J., and RILEY, CORN, and HURST, JJ., concur.