## GRIESEL, Ex'r, v. FABIAN.

No. 28648.　Nov. 22, 1938.

Jno. W. Porter, for plaintiff in error.

Eck E. Brook and Chas. Ed Frye, for defendant in error.

DAVISON, J. This case is presented to us on appeal from the district court of Muskogee county.

On May 3, 1935, C. C. Youmans, a dentist, extracted some upper teeth from George W. Fabian. On August 26th of the same year Fabian commenced an action in the district court of Muskogee county seeking to recover from the dentist damage asserted to have been sustained by reason of his alleged failure to extract the roots of the teeth which he removed. On September 24, 1935, the dentist died. On October 17, 1935, Edward C. Griesel was appointed executor of his estate. The pending action, of course, abated upon the death of Youmans. An unsuccessful attempt was made to revive the action. The district court on October 17, 1936, entered an order dismissing the cause with prejudice. Upon review by this court the order was modified to one of dismissal without prejudice, Fabian v. Griesel, Ex'r, 181 Okla. 137, 73 P.2d 180 (decided Nov. 2, 1937).

On November 23, 1937, this action involving the same controversy was instituted by Fabian as plaintiff against the executor. The cause was tried to a jury, resulting in a verdict and judgment for the plaintiff for the sum of $1,300. The defendant executor has appealed, appearing in this court as plaintiff in error. For the sake of convenience we shall continue to refer to the parties by their trial court designation.

The defendant first contends that "the court erred in refusing to sustain the demurrer to the amended petition and the demurrer of the defendant to the evidence of the plaintiff because the statute of limitations had barred plaintiff's right of recovery in that no revivor of plaintiff's cause of action was ever had within the time provided by law."

In urging this proposition the defendant relies solely upon section 583, O. S. 1931, which provides in substance that an order

of revivor, if entered without the consent of the defendant, must be made within one year. It is pointed out by the defendant that no valid order was made in the former action within the time allowed. Fabian v. Griesel, supra. The argument overlooks the important fact that the case at bar is not an attempted continuation of the former action, which was not revived, but, on the contrary, is a new and different action, even though the **cause of action is the same.** This point is of controlling importance. This court has held that the failure to revive an action within a year after the death of a party is only a bar to the further prosecution of the particular action and not an absolute bar to the recovery. State ex rel. Shull, Bank Commissioner, v. McLaughlin, Administrator, 159 Okla. 4, 12 P.2d 1106. Thus our refusal to let the order of dismissal with prejudice stand in the former appeal, Fabian v. Griesel, supra.

It is to be noted that defendant does not urge that this action is barred by any proviso of the general statute of limitation. We presume the absence of such a contention is due to the fact that a party has one year in which to refile an action when, after the expiration of the statutory period, said action has failed other than on its merits (section 106, O. S. 1931), and that the prosecution of an action in good faith even before a court without jurisdiction serves to toll the statute and entitle a party to the benefits of the statute (106, supra) Meshek v. Cordes et al., 164 Okla. 40, 22 P.2d 921.

We conclude that defendant's contention that the statute of limitation bars the prosecution of this action is without merit.

We shall next consider the defendant's second contention: That "the verdict is not sustained by sufficient evidence, or by any evidence and is contrary to the court's instructions and is contrary to law and the court erred in refusing the defendant's peremptory instruction."

The proposition, as stated, is quite general and indicates a scope of inquiry much broader than the argument advanced in support of it. The gist of defendant's complaint is that the evidence produced was insufficient to support a verdict in favor of the plaintiff. We have carefully examined the record, and conclude that, although the plaintiff's proof may be described as weak in some particulars, it is not sufficiently deficient in probative force to warrant a reversal of the cause. In reviewing the evidence to determine the merits of the challenge, we must, of course, review it from a standpoint most favorable to the plaintiff.

The plaintiff testified, in substance, that his initial purpose in visiting Dr. Youmans on May 3, 1935, was to obtain relief from trouble that some bridge work in the upper part of his mouth was giving him, and also relief from a "little" trouble in connection with one tooth. At the time he had only five teeth, all in the upper part of his mouth. Dr. Youmans advised him that one of those would have to be extracted. The plaintiff then decided to have the other four pulled at the same time. The dentist in pulling the teeth did not extract some of the roots. Shortly after this, Fabian began to suffer in a progressively increasing amount. According to the medical testimony produced, the suffering was due to antrum trouble, the antrum being a natural irregular cavity adjacent to the mouth and located near the first molar tooth.

Relief was finally obtained by a rather prolonged treatment, which included effecting an opening through the jaw bone to the antrum, thus providing drainage of the affected cavity. Incidentally the roots of the teeth were extracted by another dentist several days after the initial visit to Dr. Youmans, and after the plaintiff's suffering had become rather severe.

The plaintiff during his illness sustained a great deal of pain, was incapacitated and could not work. His weight decreased from 160 pounds to 123 pounds.

According to the medical testimony appearing in the record, antrum trouble such as was suffered by the plaintiff herein originates from either of two sources, nasal infection or infection of the teeth. There is evidence in the record indicating that more cases of such difficulty arise from nasal infection than from teeth. However, that point is not material if it sufficiently appears that in this particular instance the difficulty did in fact originate with the teeth.

The defendant takes the position that the injury (antrum trouble) was of such a character as to require the testimony of skilled and professional men to determine the cause thereof, under the established rule in this jurisdiction. Willet v. Johnson, 13 Okla. 563, 76 P. 174; Ft. Smith & W. R. Co. v. Jones, 63 Okla. 228, 163 P. 1110; Ft. Smith & W. Ry. Co. v. Hutchinson, 71 Okla. 139, 175 P. 922. This position is correct. An examination of the record discloses that the trial court entertained the same view and instructed the jury upon the point. We cannot, however, approve defendant's further contention that there is no medical testimony in the record supporting plain-

tiff's theory that his antrum trouble was traceable to the roots of his teeth which were not removed by Dr. Youmans. On the contrary, two of the doctors who had treated plaintiff subsequent to the dental work by defendant's testate definitely stated that in their opinion plaintiff's difficulty arose from his teeth. Another doctor who treated him stated as a witness that there was no evidence of nasal trouble.

One of the doctors who attributed plaintiff's difficulty to his teeth indicated that the difficulty might have predated the attempted and unsuccessful extraction. He based his statement in this respect upon the severity of the case at the time of his first observation, which was approximately two weeks later. However, upon this point the testimony of the plaintiff, himself, is entitled to some probative weight. He states the pain which attended the antrum trouble did not develop or exist until after Dr. Youmans undertook the task of extracting the teeth. While his testimony was that of a layman, it was not necessarily incompetent upon this point, for a layman can testify to those things or facts in connection with bodily injuries or conditions which a layman as distinguished from a man of science is capable of observing. Letcher v. Skiver, 99 Okla. 269, 226 P. 1029; Novak v. Miller, 97 Okla. 144, 223 P. 155.

While in a personal injury case the verdict of a jury is not to be based upon conjecture, it is not essential in the matter of causal connection that all uncertainty be eliminated, it being sufficient if the plaintiff establish that it is more probable that the injury came in whole or in part from the alleged negligent act complained of than from any other possible source. Highway Construction Co. v. Shue, 173 Okla. 456, 49 P.2d 203; Mid-Continent Petroleum Corporation v. Miller, 183 Okla. 27, 79 P.2d 804.

It is, of course, settled law that when the nonexistence of evidence sufficient to support a verdict in an action at law is alleged, the evidence must be reviewed in a light most favorable to the party who prevailed before the trial tribunal. We have, therefore, in this case ignored that portion of the evidence, as well as the inferences arising therefrom, which would have justified the jury in holding for the defendant. The judgment is affirmed.

OSBORN, C. J., and CORN, GIBSON, and HURST, JJ., concur.