OKLAHOMA NATURAL GAS CO. v. SMITH.

No. 30140. Nov. 18, 1941.

Rehearing Denied Dec. 16, 1941.

*119 P. 2d 844.*

Underwood, Canterbury, Pinson & Lupardus, of Tulsa, for plaintiff in error.

R. F. Barry, of Oklahoma City, for defendant in error.

PER CURIAM. This action was instituted by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover damages for personal injuries alleged to have been sustained as the result of the negligence of defendant in permitting a gate stem on one of its gas lines to remain exposed as a traffic hazard in a public highway.

The plaintiff alleged, in substance, in his petition the corporate character and the nature of the business of the defendant, the omission of defendant to exercise due care in the maintenance and construction of a gate stem on one of its gas lines which was located in a public highway, and the exposure of

such gate stem so as to constitute the same a traffic hazard; a puncture by said exposed gate stem of a tire upon a pickup truck in which plaintiff was riding as a passenger, and the consequent injury to the plaintiff by being thrown suddenly and violently against parts of said truck as the result of the puncture of the tire and the loss of control of the truck by its driver.

The answer of the defendant admitted its corporate character and the nature of its business, but denied all other allegations in the petition of the plaintiff and pleaded contributory negligence of the driver as the proximate cause of the plaintiff's injuries, if any.

Under the issues thus framed trial was had to a jury. The defendant demurred to the evidence of the plaintiff and moved for directed verdict at the close of all of the evidence, and saved proper exceptions to the rulings of the court thereon, but took no exceptions to any of the instructions given to the jury. The jury returned a verdict in favor of plaintiff and assessed his recovery at the sum of $750.

The defendant contends first that the evidence was merely sufficient to give rise to conjecture or speculation as to the cause of the accident, and therefore was insufficient to sustain the verdict and the judgment based thereon. In support of this contention we are cited to Jafek v. Public Ser. Co. of Okla., 183 Okla. 32, 79 P. 2d 813; Mid-Continent Pet. Corp. v. Miller, 183 Okla. 27, 79 P. 2d 804; Dixon v. Gaso Pump & Burner Mfg. Co., 183 Okla. 249, 80 P. 2d 678; Covington Coal Products Co. v. Stogner, 181 Okla. 35, 72 P. 2d 491; Highway Const. Co. v. Shue, 173 Okla. 456, 49 P. 2d 203; Prest-O-Lite Co. v. Howery, 169 Okla. 408, 37 P. 2d 303, and numerous other cases which are authority for the rule that a verdict and judgment based upon speculation, surmise, and conjecture is not permissible. Such cases, however, have no application to the situation presented here, since there was substantially no conflict in the evidence concerning what took place. The driver of the truck testified that just

prior to the occurrence of the "blowout" he observed an object in the highway and sought to avoid striking the same, but without success, and that immediately thereafter a tire, as the result of the puncture, or as he termed it, "blow-out," collapsed and the car momentarily went out of control and the plaintiff was thrown against the body of the vehicle with his resulting injuries. The testimony further showed that an examination of the highway at the point where the tire was punctured disclosed a gate stem and no other object which would have likely caused the damage to the tire. The district foreman of the defendant testified that the gate stem which was so located was the property of the defendant, and that it was located in the traveled portion of the highway and approximately at the point where the accident was alleged to have occurred. In the case of Highway Const. Co. v. Shue, supra, it was said:

"In a civil case all that the plaintiff is required to prove in order to establish causal connection between defendant's negligence and plaintiff's injury, is to make it appear more probable that the injury came in whole or in part from the defendant's negilgence than from any other cause, and this fact may be established from circumstantial evidence. . . .

"Where a causal connection is sought to be established by circumstantial evidence, there are two important questions: (1) Does the inference of causal connection spring directly and reasonably from the facts in evidence, as distinguished from arising out of another inference interspersed between it and the facts? and (2) Is there evidence to sustain the conclusion of greater probability that the injury came in whole or in part from the defendant's negligence than from any other cause? Usually, if those questions are answered in the affirmative, the causal connection is considered established, otherwise not."

The evidence of the plaintiff in the case at bar was sufficient to make it appear more probable that the accident to the tire had been caused by a collision with the exposed gate stem rather than any other cause, and therefore present-

692

ed a question of fact for determination of the jury.

The defendant next contends that it cannot be guilty of negligence with respect to a condition which it did not know existed and of which it had no reason to suspect. This contention is based upon the fact that the defendant had purchased the particular line in August, 1937, and had not been advised of the existence of the gate stem here involved and had not discovered the same until after the accident .occurred. As authority for the contention so made we are cited to St. Louis-San Francisco R. Co. v. Gilbert, 185 Okla. 591, 95 P. 2d 123; McKee v. Bowlin, 184 Okla. 486, 87 P. 2d 1079; Larrimore v. American Nat. Ins. Co., 184 Okla. 614, 89 P. 2d 340; Owen v. Kitterman, 178 Okla. 483, 62 P. 2d 1193. An examination of the cases thus cited will reveal that they involve liability of the owner of · the premises to an invitee which is entirely different from the liability of the user of a highway carrying on and conducting part of its business. In such case it is the duty of the user to see that its property is so constructed and maintained as not to constitute the same a hazard to travelers on the highway, the right to travel being paramount and the right to use the highway for erection, construction, and maintenance of business lines being secondary. In the case of Oklahoma Nat. Gas Co. v. Harmon, 176 Okla. 592, 56 P. 2d 896, it was said:

"Where a public service corporation uses the parkway adjacent to the street as a place to install objects incident to the service rendered, but negligently allows a hazard to pedestrians using the parkway to remain, and the hazard so remaining is the proximate cause of injury and damage to a pedestrian, the public service corporation may be rendered liable in damages."

The evidence showed that the defendant had acquired the property, which included the gate stem, more than two years prior to the date the accident occurred. It was the duty of the defendant during said period to acquaint itself with the property which it had acquired and to discover and elim-

inate any hazard which a complete inspection of the property would have disclosed. There was also some evidence to show that had defendant done this, it would have been able to locate and eliminate this hazard some months before the accident here involved happened.

The cause appears to have been fairly tried to a properly instructed jury and the verdict finds support in the competent 'evidence adduced, and we are therefore not disposed to interfere with such verdict or the judgment entered thereon.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.