**John W. SIMMONS, Appellant,**

v.

**Davis LOLLAR, individually, and as Administrator of the Estate of Altus Lollar, deceased, Appellee.**

No. 6851.

United States Court of Appeals
Tenth Circuit.

May 29, 1962.

---

Duke Duvall, Oklahoma City, Okl., and Tal Oden, Altus, Okl. (Duvall, Head & West, Oklahoma City, Okl., and Oden & Oden, Altus, Okl., on the brief), for appellant.

Robert B. Harbison, Altus, Okl. (Arthur L. Cavanagh, Lawton, Okl., on the brief), for appellee.

Before LEWIS and HILL, Circuit Judges, and RITTER, District Judge.

HILL, Circuit Judge.

Davis Lollar, individually and as administrator of the estate of his deceased wife, Altus Lollar, brought this action in the United States District Court for the Western District of Oklahoma, against John W. Simmons Trucking, Inc., a corporation, and John W. Simmons, personally, to recover damages for injuries to, and the resulting death of, his wife. Three causes of action were stated in the amended complaint. In the first, the plaintiff alleged that on May 6, 1959, in Altus, Oklahoma, one Roy Edward Thompson, then the employee and agent of the defendants herein, negligently drove a motor vehicle into the

rear of a parked automobile in which Altus Lollar, his wife, was then riding. That as a result of said accident, Altus Lollar sustained a whiplash injury to her neck, fractures to two of the vertebrae within her neck and similar injuries to three of the vertebrae in her lower back. That as a result of the injuries so sustained she suffered continuously and consciously great and excruciating pain from the date of the accident to the date of her death, on June 27, 1959. The plaintiff sought damages in the amount of $10,000.00 against both defendants for the pain and suffering to his wife from the date of the accident to the date of her death. In the second cause of action, the plaintiff alleged that as a result of the injuries sustained by her, from the time of the accident to the date of her death, necessary medical expenses for doctor bills, hospitalization, ambulance services, x-rays, nurses, burial expenses and the like were expended in the amount of $3,503.40. The third cause of action was by the plaintiff individually as the sole surviving heir and next of kin at law of Altus Lollar, and was brought for his benefit. Plaintiff alleged that Altus Lollar, his wife, died as a result of the injuries sustained by her as a result of the accident hereinbefore referred to. That her life expectancy was 28 years. That the plaintiff had sustained pecuniary loss and damages of at least $200.00 monthly and in the total sum of $48,-000.00 for the loss of his wife.

The defendant admitted the injury to and the death of plaintiff's decedent, but denied any act of negligence on its part and pleaded contributory negligence on the part of the decedent, unexpected emergency, independent intervening cause, latent defect in the braking system of the truck driven by the defendant's driver, unforeseeability, unavoidable accident and denied that the driver of the truck was the agent of the defendant.

The jury found in favor of the plaintiff and assessed his damages at $2,000.-00 on the first cause of action, $3,503.40 on the second cause of action, and $8,-000.00 on the third cause of action.

Defendant moved for a directed verdict, for reduction of damages and for judgment notwithstanding the verdict.' From an order overruling the motions the defendant appeals.

On appeal two points are relied upon, first, there was an absence of negligence on the part of the defendant in that the brake failure occurred after the brakes had been repaired and, second, the plaintiff cannot recover damages subsequent to June 19, 1959.

The record discloses that after Thompson, the driver of the truck, left Tipton, Oklahoma, he noticed that he was losing air pressure in his brake system and a warning buzzer indicated the loss of air. Stopping the truck to inspect the brake system, he found the right rear brake air hose was disconnected and missing. A wooden plug that had been driven into the air line connection had worked loose, so he drove it back into the open air brake line and proceeded to Altus, Oklahoma. There he stopped at a garage, told an attendant of the air leak, and requested that the air hose be replaced. When he returned for the truck after the hose was replaced and started out of the garage, the warning buzzer did not sound. He, therefore, concluded that the brakes were properly repaired and safe and no other inspection was made. Thompson proceeded out of the garage and onto South Main Street, U. S. Highway 281, in Altus, driving in second gear at a slow rate of speed. He had gone a very short distance at a speed of from 4 to 6 miles an hour, when the car in which the decedent was riding stopped some 12 to 20 feet in front of him. Thompson applied his air brakes which failed and the collision occurred. Thompson testified that he had an emergency brake which he did not attempt to use.

Following the accident, an inspection showed that the air was lost through a hole in a defective copper air line and not the hose which had just been replaced. The driver immediately returned the truck to the garage and directed that the line be repaired. There

was contradictory evidence as to whether Thompson directed the garage repairman to do more to the braking system than merely replacing the hose. Based on the testimony of the garage repairman, the repair ticket which showed the extent of the repair performed, and the testimony of Thompson, the jury apparently chose to believe that Thompson directed that the missing right rear air line hose be replaced and nothing more.

Although the speed of the truck was not excessive, at the time of the accident, the decedent was knocked onto the floor of the car below the dash and could not extricate herself unassisted. She cried out in pain and complained that her back was injured; she could not walk and was removed by ambulance to a hospital.

Mrs. Lollar was hospitalized for the period from May 6, 1959, the date of the accident, to June 13, 1959. During this period she was unable to leave her bed or stand alone. On June 13 she was discharged and returned to her home where she remained in bed for some five or six days. On two or three occasions, with assistance, she left her bed to take a meal at the family table. On the morning of June 19, she desired to eat breakfast with her husband and he carried her to the table. She sat for only a few minutes when she turned to speak to her husband and a severe pain struck her in the lower part of her back. Immediately, she was carried to her bed and an ambulance was summoned. She was taken to the hospital in Lawton and remained there until June 27, when surgery was performed upon her. She died during the surgery. Medical experts testified that a cardiac arrest was the immediate cause of her death, it being a complication of the operative or anaesthetic procedure, and means stoppage or standstill of the heart.

There was evidence that before the accident of May 6 Mrs. Lollar was in good physical health, even though she had a back injury condition existing since 1953. Medical experts at the trial testified in their opinion, and judging from the history of the decedent, that the accident of May 6, aggravated the old injury she had suffered in 1953. Furthermore, plaintiff's medical testimony clearly showed that were it not for the car accident, the operation of June 27 would not have been necessary at that time.

Concerning defendant's contention that the break in the copper air line of the braking system of the truck was a latent defect, an examination of the evidence discloses that under ordinary care and inspection the defect could have been discovered, as the jury found. Immediately prior to the accident, if Thompson had depressed the brake pedal he could have discovered the leakage of air. However, no inspection of the braking system was made by Thompson at the time he returned to the garage for the truck prior to the accident. The repairmen testified that reliance on the pressure gauge of the compression chamber and the absence of the warning buzzer was not, to any extent, a check of the sufficiency of the air brakes. Only by depressing the brake pedal and releasing air from the compression chamber into the air brake lines could Thompson have checked the sufficiency of his brakes. Uncontroverted testimony of another repairman was that the break in the copper air line was an old break, caused by vibration over a long period of time preceding the accident.

In view of Bush v. Middleton, Okl., 340 P.2d 474, we think the evidence was sufficient to take the case to the jury on the question of whether the defendant, through his agent, Thompson, knew or in the exercise of ordinary care should have known, that the braking system was defective and as to whether the defective brakes, together with the nonusing of the emergency brake, was the proximate cause of the collision. Neither is the theory of unavoidable accident availing to the defendant under the facts. Tyree v. Dunn, Okl., 315 P.2d 782; Hayward v. Ginn, Okl., 306 P.2d 320. The

street was presumably level, and the accident was in daylight. The car in which the deceased was a guest was in plain view of the defendant's driver and he knew he must stop in order to avoid a collision. By the use of the means suggested and by ordinary care and prudence, it may well be said, as the jury must have determined, the driver could have prevented the accident.

■ The many cases cited by the defendant which enunciate the proposition of law, that a failure to establish primary negligence on the part of the defendant should result in the trial court's directing a verdict in favor of the defendant, are simply not applicable. There was sufficient evidence from which negligence on the part of the driver, Thompson, could be found and the jury was justified in their findings. The defendant relies on Howard v. Triangle Freight Lines, 109 Cal.App.2d 620, 241 P.2d 35, as authority that the defendant could not have known of the defective brake line. All that need be said is that that case is distinguishable from the case at bar upon its facts.

■ By the second proposition defendant asserts that plaintiff has no right to recover damages arising subsequent to June 19, 1959, the date the decedent aggravated her pre-existing condition. The primary question presented is whether the testimony of the medical experts was sufficient to take the case to the jury and support a finding that the accident and resulting injuries were the cause of decedent's death. An examination of the evidence will sustain the jury's finding that the death of the plaintiff's wife was proximately caused by the accident of May 6, 1959. Whether there was a causal connection between the accident and resulting need for an operation during which the death occurred presented a question which required the considered judgment of medical experts. Bearman v. Prudential Ins. Co. of America, 10 Cir., 186 F.2d 662. In Cohenour v. Smart, 205 Okl. 668, 240 P.2d 91, the Oklahoma Supreme Court announced the rule

where the injury is of such a character as to require skilled and professional men to determine the cause thereof, the testimony of an expert witness that the accident in question could have or possibly did cause the injury complained of, was insufficient to establish causal connection between the accident and the injury complained of. This Court cited that case in Belt v. St. Louis-San Francisco Ry. Co., 10 Cir., 195 F.2d 241, wherein it was stated that where the expert witness " * * * goes further and testifies that such accident or injury was the probable cause of the physical condition * * * " of which complaint is made the proof is sufficient to sustain the findings of a jury in favor of the plaintiff. See also Oklahoma Natural Gas Co. v. Kelly, 194 Okl. 646, 153 P.2d 1010; Griesel v. Fabian, 184 Okl. 42, 84 P.2d 634; Glen L. Wigton Motor Co. v. Phillips, 163 Okl. 160, 21 P.2d 751. Cf. Kimbell Milling Company v. Tunis, Okl., 305 P.2d 515; Baker v. Harris, Okl., 302 P.2d 129.

■ Here an orthopedic surgeon testified in his opinion the collision of May 6 aggravated the old injury the decedent had received in 1953, necessitating surgery and that without the aggravation of the injury the operation would not have been necessary. According to the same physician, the injuries of May 6 were re-aggravated by the incident on June 19th, however, this was because the decedent had not recovered from the May 6th injury. It was this witness' expert opinion that were it not for the accident of May 6, the operation would not have been necessary. The defendant's contention that the aggravation of June 19, and not the accident of May 6, necessitated the surgery which resulted in Mrs. Lollar's death was rejected by the jury, in view of their verdict. The evidence is entirely sufficient to support a finding that the accident of May 6 necessitated the operation which resulted in death, and not the incident occurring on June 19th. When all of the evidence is considered, we think it is amply sufficient to show a causal connection between the accident and the decedent's death and did not re-

quire a directed verdict as a matter of law. Jordan v. Johnson, Okl., 315 P.2d 234.

 The long and established rule of this Court is that if a jury's verdict and judgment based thereon is supported by any evidence reasonably tending to sustain the verdict and judgment, the same will be affirmed on appeal. Superior Ins. Co. v. Miller, 10 Cir., 208 F.2d 700; Merrill v. Beaute Vues Corp., 10 Cir., 235 F.2d 893; Dyess v. W. W. Clyde & Co., 10 Cir., 132 F.2d 972.

Judgment affirmed.